**James Clifton DICKERSON, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**No. 70–C–11–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

July 9, 1970.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va. for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

Petitioner was convicted in the Circuit Court of Albemarle County of murder in the first degree of his wife and felonious assault of his mother-in-law. On April 3, 1967, that court sentenced him to forty years on the murder conviction and five years on the felonious assault charge with the sentences to run concurrently. Petitioner was represented by an attorney appointed by the court some months before the trial, but not until after the prisoner made a confession to the sheriff's deputies.

Petitioner now brings this habeas corpus action under 28 U.S.C. § 2241 and alleges that the murder indictment was insufficient to sustain a conviction of murder in the first degree, that he was denied his right of appeal, that he was not adequately advised of his right to counsel at interrogation, and that the evidence was insufficient to prove first degree murder.

Petitioner presented all of these claims except the issue of the sufficiency of the murder indictment in a petition for a writ of habeas corpus to the Circuit Court of Albemarle County. That court accorded him a full hearing on the factual issues surrounding his allegations of deprivation of rights and then denied the writ. Appeal was taken to the Supreme Court of Appeals of Virginia which denied a writ of error. On May 5, 1970, the present petition was filed in the United States District Court for the Eastern District of Virginia at Richmond which, by order of the same date, allowed the petitioner to proceed *in forma pauperis* and transferred the case to this court.

■ Even if the question of the sufficiency of this indictment could be raised in a federal habeas corpus hearing, the petitioner has not presented this issue to the state courts. He therefore has not satisfied the exhaustion of state remedies requirement of 28 U.S.C. § 2254.

■■ The question of the sufficiency of the evidence generally is not properly

cognizable by a federal court considering habeas corpus relief under 28 U.S.C. § 2241(c) (3). The purpose of federal habeas corpus inquiry into state court proceedings is to determine whether a prisoner's federal constitutional rights have been safeguarded, not to determine anew the question of guilt or innocence. *See* 83 Harv.L.Rev. 1038, 1055–1062 (1970). Even the prisoner's own petition for a writ of habeas corpus in the state court makes clear that there was not such a lack of evidence as to be subject to constitutional due process objection. See Johnson v. Florida, 391 U.S. 596, 88 S.Ct. 1713, 20 L.Ed.2d 838 (1968); Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960).

On the question of whether petitioner was advised of his right to counsel before interrogation, the evidence at the state court hearing was conflicting. Petitioner himself admitted that he was advised that anything he said could be used against him but he denied that he was advised of his right to counsel at interrogation. Deputy Sheriff Davis testified that the prisoner was fully and clearly advised of all his constitutional rights.

As to the issue of right of appeal, petitioner admitted that the attorney "told me to think it over before I appealed it" and that he did not contact his attorney and ask for an appeal. The attorney advised him that he had received a reasonable sentence and that he would be wise to accept it instead of trying to obtain a new trial.

On this record the Honorable Judge Waddell of the Albemarle Circuit Court found as a matter of fact that petitioner had been advised of all his constitutional rights. These findings are fully supported by the evidence and no reason appears why they should not be accepted by this court. 28 U.S.C. § 2254.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the writ denied.

If the petitioner wishes to appeal this judgment, he may do so by filing with the clerk of this court a notice of appeal. Failure to file the notice of appeal within thirty days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;
2. The judgment, order or part thereof appealed from; and
3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to send a certified copy of this opinion and judgment to the petitioner and to the respondent.