239 So.2d 250 (1970)
Raymond SMITH et al., Appellants,
v.
STATE of Florida, Appellee.
No. 38210.
Supreme Court of Florida.
September 16, 1970.
Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellants.
Earl Faircloth, Atty. Gen., and J. Christian Meffert, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
This cause is before the court on a direct appeal from a judgment convicting the defendants-appellants of the offense of vagrancy "by wandering and strolling around from place to place without any lawful purpose or object," as denounced by § 856.02, Florida Statutes, F.S.A. The trial court upheld the statute as against an attack made in a motion to dismiss and *251 again in a motion for a new trial filed by the defendants on the ground that the offense charged was so broad and vague in nature as to violate the due process clause of the federal and state constitutions. We have jurisdiction of the appeal under Section 4, Article V, of the Constitution, F.S.A. Milliken v. State, Fla. 1961, 131 So.2d 889.
The attack here made upon the particular provision of the vagrancy statute alleged to have been violated by the appellants is substantially the same as that made in Johnson v. State, Fla. 1967, 202 So.2d 852. In that case the court was unanimous in holding that the provision of the statute here in question was not susceptible to the charge of vagueness there made against it. In the well considered concurring opinion filed by Chief Justice Ervin it was stated that our statute
"* * * appears to be of the genre of vagrancy laws which have long been upheld as necessary regulations to deter vagabondage and prevent crimes and the imposition upon society of able bodied irresponsibles who of their own volition become burdens upon others and particularly on their families for support."
It was held also that the statute meets the tests of certainty outlined in State ex rel. Lee v. Buchanan, Fla. 1966, 191 So.2d 33; Carter v. State, Fla. 1963, 155 So.2d 787; and Tracey v. State, Fla. 1961, 130 So.2d 605. The decision in Johnson was reversed by the United States Supreme Court because of a lack of evidence to support the judgment of conviction, without reaching the question of the constitutionality of the statute. See Johnson v. Florida, 391 U.S. 596, 88 S.Ct. 1713, 20 L.Ed.2d 838.
We have reconsidered our decision in the Johnson case in the light of the decisions of other courts cited by appellants as well as the decision of the United States District Court for the Southern District of Florida in Lazarus v. Faircloth, 301 F. Supp. 266 (June 9, 1969), declaring the entire vagrancy statute, Section 856.02, to be invalid. The Lazarus decision is now on direct appeal to the United States Supreme Court. We find nothing in these decisions to persuade us to recede from our previous conclusion respecting the validity of Section 856.02.
Accordingly, the judgment appealed from should be and it is hereby
Affirmed.
ERVIN, C.J., and THORNAL, CARLTON and ADKINS, JJ., concur.
BOYD, J., dissents with opinion.
DREW, J., dissents and concurs with BOYD, J.
BOYD, Justice (dissenting):
I must dissent to the majority opinion. The statute in question was designed long ago to prevent idle and irresponsible persons from living on the income of those who earned their living by the sweat of their brows.
In our time a large portion of our population retires at an early age and is encouraged to relax in the Florida sunshine. Hundreds of thousands of tourists visit Florida. They should not be required to prove they have a lawful purpose. It would be a contravention of our basic understanding of constitutional rights to jail persons in this State for "wandering around without having a lawful purpose." Specifically the requirement that persons who wander around must have a lawful purpose is too vague to notify the public as to what standard of conduct the State requires. It seems logical to conclude that to prove an accused person had no lawful purpose the State must show the defendant was engaging in an unlawful purpose. The burden must be upon the State to prove one is doing an unlawful act.
*252 Vagrancy statutes have been widely used by police authorities to hold people remotely suspected of crime while investigations were conducted. Modern interpretations of individual civil rights under state and federal constitutions clearly prohibit this now. If one is engaging in unlawful conduct the State should charge the person with violating a specific law. There is certainly no shortage of criminal laws.
DREW, J., concurs.