255 So.2d 1 (1971)
In re Virgil FULLER, a Child.
No. 40639.
Supreme Court of Florida.
November 10, 1971.
Rehearing Denied December 10, 1971.
Enrique Escarraz, III, Fort Myers, for appellant.
Robert Shevin, Atty. Gen., and P.A. Pacyna, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
An inspection of the record of this case reveals that the trial court, the Juvenile Court for Lee County, Florida, per inherent necessity passed upon the validity of Florida's disorderly conduct statute, F.S. Section 877.03, F.S.A., in that a motion for new trial was denied by the trial court. The motion stated in part:
"The statute under which defendant, VIRGIL FULLER, [Appellant here] was adjudged guilty of disorderly conduct is so vague and indefinite so as to *2 deprive defendant, VIRGIL FULLER, of his constitutionally protected right of due process."
It is quite apparent that the trial court had to pass, and did pass, upon the validity of the statute in order to maintain its judgment of conviction since this was the statutory predicate upon which Appellant's conviction of disorderly conduct was based. Absent the statute, there was no basis for Appellant's conviction. See Harrell's Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority, Fla., 111 So.2d 439, and Demko's Gold Coast Trailer Park, Inc. v. Palm Beach County, Fla., 218 So.2d 745.
Therefore, we were mistaken in originally retransferring Fuller's appeal to the District Court of Appeal, Second District, which had transferred it here in view of the related action of the trial court. To rectify this mistake, we accept jurisdiction of this appeal since it is our constitutional duty to hear, as a matter of right, appeals from decisions initially passing upon the validity of a state statute. See Article V, Section 4(2), Florida Constitution, F.S.A., and particularly the first sentence of the second paragraph thereof.
The Appellant's attack on the statute is two pronged. He first contends it is unconstitutional on its face. He next contends it was unconstitutionally applied to his conduct which the trial judge held constituted a violation of the statute. F.S. Section 877.03, F.S.A. reads as follows:
"877.03 Breach of the peace; disorderly conduct.  Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor, and subject to punishment as provided by law."
The Appellant strongly urges the statute is unconstitutional on its face for vagueness and overbreadth. He contends the statute is not phrased in terms sufficiently definite and that men of common intelligence will have to guess at its meaning, citing Connally v. General Construction Co., 1926, 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322. He further contends the statute fails to warn persons that certain conduct is criminal, setting the stage for arbitrary police action and permitting police and prosecutors to evolve their own standards of conduct for citizens, citing Scott v. District Attorney, 309 F. Supp. 833, 836 (E.D.La. 1970). See also, Ashton v. Kentucky, 1966, 384 U.S. 195, 86 S.Ct. 1407, 16 L.Ed.2d 469; Carmichael v. Allen, 267 F. Supp. 985 (N.D.Ga. 1967); Baker v. Bindner, 274 F. Supp. 658 (W.D.Ky. 1967); Le Flore v. Robinson, 434 F.2d 933 (5th Cir., 1970); Pritikin v. Thurman, 311 F. Supp. 1400 (S.D.Fla. 1970), and Livingston v. Garmire, 308 F. Supp. 472 (S.D.Fla. 1970).
Appellant further contends the language in the statute proscribing "* * * such acts as * * * affect the peace and quiet of persons who may witness them * * *" is void for overbreadth, citing Terminiello v. City of Chicago, 1949, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131; Gregory v. Chicago, 1969, 394 U.S. 111, 89 S.Ct. 946, 22 L.Ed.2d 134; Cox v. Louisiana, 1965, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471, and Pritikin v. Thurman, supra. He contends the statute is of the genre of statutes that have been stricken because they create a "license for the jury [or trial court] to create its own standards" and the making of subjective judgments by police and prosecutors, citing De Jonge v. Oregon, 1937, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278; Thornhill v. Alabama, 1940, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093; N.A.A.C.P. v. Button, 1963, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405, and Severson v. Duff, 318 F. Supp. 17 (M.D.Fla. 1970), No. 70-322; Coates v. Cincinnati, 1971, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214, and Cohen v. California, 1971, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284.
*3 We have decided to pretermit Appellant's first contention because we reach a decision favorable to Appellant on his second point. Furthermore, we are not as confident as Appellant that when and if the exact question of the constitutionality vel non of Section 877.03 is decided by the Supreme Court of the United States it will be found unconstitutional. Florida courts in recent years have upheld statutes employing general language similar in nature to the language in Section 877.03, and these decisions have not been overturned by the nation's highest court. See City of St. Petersburg v. Calbeck, Fla.App., 114 So.2d 316, text 319 and 320; McArthur v. State, Fla. 1966, 191 So.2d 429; Johnson v. Florida, 391 U.S. 596, 88 S.Ct. 1713, 20 L.Ed.2d 838; Smith v. State, Fla. 1970, 237 So.2d 139, and Smith v. State, Fla. 1970, 239 So.2d 250.
As indicated, we find that as applied to the facts of Appellant's alleged disorderly conduct in this case, Section 877.03 is unconstitutional. That an unconstitutional application of a statute may be declared invalid in a particular case upon the critical facts therein, see: Dutton Phosphate Co. v. Priest, 1914, 67 Fla. 370, 65 So. 282; Ex parte Wise, 1940, 141 Fla. 222, 192 So. 872; Palethorpe v. Thomson, Fla., 171 So.2d 526. Also Palmer v. City of Euclid, 402 U.S. 544, 91 S.Ct. 1563, 29 L.Ed.2d 98, filed May 24, 1971.
Briefly stated, the salient facts of Appellant's alleged disorderly conduct are: Shortly after Appellant Fuller, aged sixteen, put a Negro History Week poster on a North Fort Myers Senior High School classroom door, it was torn off by a white female student. Fuller was one of several students placing the posters around the school with the permission of the school administration.
In an ensuing altercation with the female student in the hall of the school building outside the classroom where the class was assembled, Appellant told the girl that if she were a boy he'd knock her out. At no time, however, was there any attempt at bodily contact. He also used the phrase, "Mother f____," but whether the second word was completed is unclear from the record. He raised his voice at a male teacher, Mr. Douglas Johnson, who said he would have torn down the sign. He also told the teacher he was telling a "Mother f____" lie. The phrase was definitely not completed that time. In a subsequent juvenile court hearing, the teacher testified that both he and the Appellant apologized to each other and the teacher thought nothing more about the incident. The teacher did not make any complaint about Appellant and he did not sign any warrant. The principal, Mr. Joe Beavo, told Fuller to replace the sign and the assistant principal said he would speak to the girl.
A member of the Lee County Sheriff's Department, hearing of the incident, filed a petition in the county's Juvenile Court requesting that Appellant be declared delinquent because of alleged "disorderly conduct and bare assault at North Fort Myers Senior High School." Four days after the petition was filed, an informal adjudicatory hearing was held in the Juvenile Court. Appellant, an indigent, was represented by a court-appointed attorney. The Judge found Appellant guilty of disorderly conduct but not guilty of assault. After the subsequent disposition hearing, Appellant was found delinquent and committed to the State School for Boys, but the commitment was suspended on agreement he would go and reside with his sister and brother-in-law in North Carolina.
While it appears there was an angry altercation between Appellant and the female student about the latter ripping down the sign, no commotion ensued creating a breach of the peace, disrupting the high school or the class of pupils in the room adjoining the hall where the exchange of words took place. The school principal and the teacher involved (Johnson) made no complaint to the police and asked for no official action on their part. There was no assault  and whether there was criminal *4 profanity or obscenity on Appellant's part in the altercation is unclear in the record. Appellant was not, however, directly charged with profanity or obscenity. The affair lasted less than ten minutes and could be characterized as a "tempest in a teapot." The school principal and his staff members handled and settled the matter without resort to the police, either at the time of or after the incident. No disciplinary action was found necessary by the school authorities.
It does not appear to us the alleged disorderly conduct of Appellant created or reached proportions violative of the applicable sanctions of the statute. Under pertinent decisional standards applicable to the language of the statute drawn from case law determinations, we conclude Appellant's conduct did not fall within the sanctions of the statute. In City of St. Petersburg v. Calbeck, supra, the District Court quoted with approval from State v. Reynolds, 243 Minn. 196, 66 N.W.2d 886, as follows:
"* * * `For a person to be guilty of disorderly conduct the public or some member thereof must be disturbed. It is generally considered that disorderly conduct embraces certain minor offenses defined by statute or ordinance to consist in disturbances of the peace and quiet of the public, the community, families, or a class of persons * * *.'" (City of St. Petersburg v. Calbeck, supra, 114 So.2d at 318.)
With the possible exception of the female student, who appears to have provoked the Appellant's angry reaction by ripping off the poster, no one present in the school at the time of the incident appears to have been disturbed to the point of complaining to the civil authorities or testified at the hearing that Appellant's conduct disturbed their peace and quiet. The school administrators settled the matter without taking any disciplinary action against Appellant. Compare Terminiello v. City of Chicago; Gregory v. Chicago; Coates v. Cincinnati, and Cohen v. California, supra.
The judgment of delinquency is reversed and the cause remanded with direction that the judgment of delinquency of Appellant be vacated.
It is so ordered.
ADKINS, BOYD and McCAIN, JJ., concur.
ROBERTS, C.J., and CARLTON and DEKLE, JJ., dissent.