**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Timothy Joseph LEE, Defendant-Appellant.**

**No. 71-2765.**

United States Court of Appeals, Ninth Circuit.

March 20, 1972.

Alan Saltzman, of Saltzman & Goldin, Hollywood, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty. & Chief, Crim. Div., Jerry L. Newton, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Appellant stands convicted of failing to report to the Armed Forces Examining and Entrance Station on March 11, 1969, the date set for his induction. 50 U.S.C. App. § 462. On appeal, he renews three contentions made in the District Court. We have examined each and find them to be without merit. Accordingly, we affirm the conviction.

■ 1. Appellant's first contention, that he was denied a speedy trial or due process of law because of a two-year delay between the alleged failure to report and trial, is not well taken in light of United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

Appellant was tried only two months after he became an "accused," and there is nothing to indicate that the pre-indictment delay was purposeful and that appellant suffered substantial prejudice from the delay. See Saiz v. Eyman, 446 F.2d 884 (9th Cir. 1971).

■ 2. Appellant also contends that the evidence was insufficient to establish receipt of the induction order. However, as the trial judge noted, the trier of fact was not required to accept appellant's testimony that he did not receive it. United States v. Birnstihl, 441 F.2d 368 (9th Cir. 1971). Here the order was mailed to appellant at his home and was not returned by the post office. Appellant testified that he was living at home at the time. Therefore, the trier of fact could infer "that it reached its destination in usual time and was actually received by the person to whom it was addressed." Hagner v. United States, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932). See United States v. Bowen, 414 F.2d 1268 (3d Cir. 1969).

Graves v. United States, 252 F.2d 878 (9th Cir. 1958), and Fisher v. United States, 413 F.2d 1034 (9th Cir. 1969), relied upon by appellant, are factually distinguishable. In both those cases, receipt of the induction order was accounted for, whereas here there is no indication as to what happened to the order. Furthermore, in those cases the registrant was away from home and had no means of receiving notice of the induction order, whereas here appellant was living at home.

■ 3. Appellant's final contention is that the induction order was invalid because his signature on his security questionnaire (form 98), which he filled out at his preinduction physical, was not witnessed. However, since appellant admitted the signature was his, there clearly was no prejudice. See United States v. Cralle, 415 F.2d 1065, 1067 (9th Cir. 1969).

Affirmed.