## STATE v. MIGLIACCIO.
### No. 69-8288.
Circuit Court, Broward County, Criminal Appeal.

November 22, 1972.

Varon & Stahl, Hollywood, for the appellant.

Philip S. Shailer, State Attorney, for the appellee.

STEPHEN R. BOOHER, Circuit Judge.

*Final judgment:* This appeal came on for consideration on the record, briefs of counsel and oral argument. The appellant was convicted of disorderly conduct in violation of §877.03, Florida Statutes, and brings this appeal.

The appellant's attack upon his conviction is two-fold. First, he argues that the information by which he was charged failed to state a cause of action and that the statute upon which it is based is unconstitutionally void for vagueness. In other words, he charges both the statute and the information as being fatally vague.

Secondly, he argues that the testimony and evidence were insufficient to sustain a conviction. Collaterally, he argues that the bill of particulars specified that two peace officers were the persons whose peace and quiet were allegedly disturbed and that it is well established that disturbing policemen is not disorderly conduct. Cf. Landry v. Daley, 288 F. Supp. 189 (D. C. N. D. Ill. 1968), and cases cited.

Treating the second point first, it is amply clear from the transcript that factually the conduct and language of the appellant were provocative and reprehensible, and if anyone can be convicted of disorderly conduct the appellant certainly should be. Further, the court does not find under the case law of this state and the majority of the states that it is well established that police officers must subject themselves to the sort of abuse here involved without having recourse to charge the perpetrator. There was more here than insolent language; there were overt acts which remove this case from the rationale of Landry v. Daley, supra.

The constitutional issue is more troublesome, and this court has deferred its decision in this case hoping for some clarification of the law. It has not been forthcoming. This court finds itself, therefore, in a state court versus federal court bind. In Severson v. Duff, 322 F. Supp. 4 (D. C. M. D. Fla. 1970), United States District Judge William A. McRae, Jr. declared §877.03, Florida Statutes, to be unconstitutional for overbreadth and vagueness. There has been no appellate review of this decision reported and the Supreme Court of the United States has not spoken one way or the other with respect to the Florida statute. The federal courts, of course, have declared many similar statutes invalid. See: Severson v. Duff, supra, at pp. 9-10, and cases cited; Terminiello v. Chicago, 337 U. S. 1, 69 S. Ct., 894, 93 L. Ed. 1131 (1948); Gregory v. Chicago, 394 U. S. 111, 89 S.Ct. 946, 22 L. Ed. 2d 134 (1969); Cox v. Louisiana, 379 U. S. 536, 85 S. Ct. 453, 13 L. Ed. 2d 471 (1965); Livingston et al. v. Garmire, 308 F. Supp. 472 (D. C. S. D. Fla. 1970); Pritikin v. Thurman, 311 F. Supp. 1400 (D. C. S. D. Fla. 1970).

The Florida courts, however, have found §877.03, Florida Statutes, to be constitutional. City of St. Petersburg v. Calbeck, Fla. App. 1959, 114 So.2d 316. Compare: McArthur v. State, Fla. 1966, 191 So.2d 429; Johnson v. Florida, 391 U. S. 596, 88 S. Ct. 1713, 20 L. Ed. 2d 838; Smith v. State, Fla. 1970, 237 So.2d 139; Smith v. State, Fla. 1970, 239 So.2d 250. In the recent case of In re Fuller, Fla. 1971, 255 So.2d 1, which is the most recent pronouncement by either a Florida or a federal court, the Florida Supreme Court did not reach the constitutional question, but commented, 255 So.2d at p. 3 — "Furthermore, we are not as confident as appellant that when and if the exact question of the constitutionality vel non of section 877.03 is decided by the Supreme Court of the United States it will be held unconstitutional."

When caught in such a collision, and absent a controlling decision of the United States Supreme Court, this court is obligated to follow the controlling authorities of the Florida appellate courts. Accordingly, this court declines to rule that §877.03 is unconstitutional. If it is, in fact, unconstitutional, as this court believes it to be, the obligation rests with our appellate courts to overrule a long and clear line of state authorities supporting the validity of this and other similar statutes.

With respect to the challenge to the sufficiency of the information, the court notes that it tracks the language of the statute. This has been held sufficient, particularly where the statute allegedly violated is recited, as was the case here. Major v. State, Fla. 1965, 180 So.2d 335.

50

Based on the foregoing, it is ordered and adjudged that the verdict and judgment of the court of record in and for Broward County, at case no. 69-21839, entered December 11, 1969, and recorded in the minutes of said court of record 237 at pp. 777-779, be and the same is hereby affirmed.