**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roscoe LAKE, Defendant-Appellant.**

**No. 72–1942.**

United States Court of Appeals, Ninth Circuit.

May 29, 1973.

Gail M. Title, Deputy Federal Public Defender (argued), John K. Van De Kamp, Federal Public Defender, Martin Levine, Deputy Public Defender, Los Angeles, Cal., for defendant-appellant.

Paul H. Sweeney, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Chief, Criminal Division, Los Angeles, Cal., for plaintiff-appellee.

Before WRIGHT and WALLACE, Circuit Judges, and EAST,* District Judge.

WALLACE, Circuit Judge:

A jury found Roscoe Lake guilty of failing to report for a physical examination and failing to report for induction, both in violation of 50 U.S.C.App. § 462. He appeals on three grounds. We deal only with Lake's contention that the instructions to the jury were erroneous and, on that basis, reverse.

On June 17, 1970, the local board mailed Lake an order to report for a physical examination on July 10, 1970. He failed to report. On January 6, 1971, the local board mailed him an order to report for induction on January 21, 1971. Again he failed to report.

Lake specifically testified that he received neither the June nor the January letter. His mother testified that she personally picked up the mail at their San Francisco address every day during the month of January, 1971, and that no official letters came for her son that month.

The trial judge instructed the jury on the issue of receipt of the letters as follows:

You may further presume that a letter mailed is delivered in due course. However, there has been evidence presented in this case that these notices in at least two instances were not in fact received by the defendant. If you believe this evidence, then the presumption of due delivery has been dispelled and no longer exists.

However, if this evidence is not believed by you, then the presumption would control. You must bear in mind, however, that you may not convict the defendant unless you are convinced beyond a reasonable doubt of the defendant's guilt, considering all the evidence in this case and considering also my instructions.[1]

This instruction is erroneous. But it is easier to criticize than to correct. The nature and effect of presumptions and inferences have been a battle ground of legal controversy for decades. It is difficult to fault a trial court for error in a no man's land with so few clearly chartered paths provided by our appellate courts.[2]

Substantial help was provided in United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965) where the Court upheld a statutory presumption that the mere presence of the defendant at the site of an illegal still was sufficient evidence to authorize conviction, unless the defendant explained his presence to the satisfaction of the jury. See 26 U.S.C. § 5601(b)(2).[3] Scrutiny

---

* Honorable William G. East, Senior United States District Judge, Eugene, Oregon, sitting by designation.

1. The government contends Lake did not properly preserve his claim of error because he failed to use the word "object." The trial judge understood the thrust of the discussion about this instruction and concluded, "Well, the objection will be overruled."

2. Presumptions have been applied in at least eight different ways by courts. See Laughlin, In Support of the Thayer

Theory of Presumptions, 52 Mich.L.Rev. 195, 196–207 (1953).

3. At first glance, the language "unless the defendant explains" in § 5601(b)(2) appears to shift either the burden of proof or of going forward from the government to the defendant. The burden of proof in a criminal case is never on the defendant. See Johnson v. Florida, 391 U.S. 596, 598, 88 S.Ct. 1713, 20 L.Ed.2d 838 (1968); McAbee v. United States, 434 F.2d 361, 363 (9th Cir. 1970). But see Morrison v. California, 291 U.S. 82, 88–

of the instructions approved by the Supreme Court in *Gainey* offers significant guidance on how properly to instruct a jury in a criminal case when a presumption is involved. The instruction in that case: (1) did not mention the word presumption; (2) indicated that though the defendant might produce evidence to disprove the inference, he had no burden to do so; (3) specifically explained to the jury that it was not compelled in any way to accept the inference—it might draw it or reject it based on the evidence as a whole; and (4) unequivocally placed and maintained the burden of proof on the government.

The challenged instruction is critically different from the one approved in *Gainey*. First, it uses the word presumption. While that in and of itself does not warrant reversal, the use of the term frequently creates confusion in a criminal case. An evidentiary presumption differs from the presumption of innocence;[4] yet they were treated identically by the single definition given the jury. This difficulty is obviated by one suggested instruction on the mailing of a draft notice which does not use the term presumption.[5]

 Second, the jury could easily conclude from the instruction that Lake had the burden to produce evidence to dispel[6] the presumption. In fact, Lake need not present any evidence. The burden of going forward is not cast upon him. Lake has the right to rebut the government's evidence and the inferences which may be drawn from it or to remain silent and allow the jury to consider that evidence alone. A criminal defendant, as distinguished from a civil defendant,[7] cannot be compelled to produce evidence by the threat that a permissible inference will amount to a directed verdict.[8]

---

89, 54 S.Ct. 281, 78 L.Ed. 664 (1934). No doubt this, in part, prompted the Court to suggest alternative jury instruction language instead of the statutory "unless the defendant explains such presence to the satisfaction of the jury." *Gainey, supra*, 380 U.S. at 71 n. 7, 85 S.Ct. at 760.

4. One writer has rejected the phrase presumption of innocence in favor of assumption of innocence. C. McCormick, Evidence § 342, at 805–806 (2d ed. 1972). The proposed federal rule concerning presumptions does not apply to the presumption of innocence. *See* Advisory Committee's Note, Proposed Fed.R.Evid. 303 (a), 56 F.R.D. 183, 213.

5. 2 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 5106 (2d ed. 1970). The instruction also treats the effect of the mailing as an inference. The importance of this fact will be indicated *infra*.

6. Volumes have been written concerning the nature and effect of presumptions. Of particular concern has been the status of a presumption in the face of evidence contrary to the presumed fact. Most follow the "bursting bubble" or Thayer theory which holds that the presumption disappears if the adversary produces sufficient evidence to support the converse of the presumed fact. *See* Thayer, Preliminary Treatise on Evidence 314, 336

(1898). *See also* 9 J. Wigmore, Evidence § 2491(2) (3d ed. 1940); Model Code of Evidence rule 704(2) (1942).

Contrary theories modify the rigidity of the Thayer doctrine and stress the policy value of presumptions. *See* Cal.Evid. Code §§ 603–606 (1966); Uniform Rules of Evidence rule 14 (1953); Morgan, Some Observations Concerning Presumptions, 44 Harv.L.Rev. 906 (1931). In fact, the proposed federal rules specifically reject the "bursting bubble" theory. Advisory Committee's Note, Proposed Fed.R.Evid. 301, 56 F.R.D. 183, 208. Thus, under the proposed rules, the presumption may be followed despite evidence to the contrary.

However, in the context of this case, we need not choose between the conflicting theories, for our decision rests on other grounds.

7. The mail-receipt doctrine is different in a civil case. *See* C. McCormick, Evidence § 345, at 820 (2d ed. 1972).

8. There frequently appears language indicating a shifting of the burden of going forward when a presumption applies. *See, e. g.*, Proposed Fed.R.Evid. 301; Cal.Evid.Code §§ 603–604. But applying this literally in a criminal case produces constitutional problems:

A true shifting of the burden of producing evidence to the defendant in a criminal case would mean that the court

■ Third, the phrasing of the instruction indicates that the presumption is mandatory. In criminal cases an evidentiary presumption can be no more than a permissible inference.[9] In United States v. Lee, 458 F.2d 32 (9th Cir. 1972), a Selective Service registrant denied receipt of his induction order. In affirming the conviction, we held that:

> [T]he trier of fact *could infer* "that it reached its destination in usual time and was actually received by the person to whom it was addressed."

*Id.* at 33 (citation omitted; emphasis added). The failure to inform Lake's jury clearly that it could accept or reject the presumption might have removed an important element from its consideration and may have violated Lake's right to a jury trial on that issue.

■ Fourth, the instruction erroneously places the burden of proof upon the defendant to prove his non-receipt of the notices. It requires that the jury believe the evidence of Lake and his mother *before* the "presumption" is "dispelled." This error was compounded by the court's instruction that:

> A presumption continues to exist only as long as it is not overcome or outweighed by evidence in the case to the contrary. But unless and until the presumption is so outweighed, the jury are bound to find in accordance with the presumption.

While there may be some controversy as to if and how a presumption can shift the burden of going forward with evidence in a criminal case,[10] it cannot shift the burden of proof. The government must prove beyond a reasonable doubt every element necessary for conviction. Johnson v. Florida, 391 U.S. 596, 598, 88 S.Ct. 1713, 20 L.Ed.2d 838 (1968); McAbee v. United States, 434 F.2d 361, 363 (9th Cir. 1970). In this case, proof of receipt of the notices, hence, knowledge, was essential to the crime charged.

In Notaro v. United States, 363 F.2d 169 (9th Cir. 1966), we considered an instruction which effectively shifted the burden of proof. In reversing, we held:

> When a party has the burden of proof as to a factual issue, it cannot be proper that instructions pertaining to the issue are so vague or ambiguous as to permit of misinterpretation by the jury of the standard which is to be applied.

*Id.* at 175. The government contends *Notaro* is distinguishable because (1) it was an entrapment case and has been cited only in other entrapment cases, and (2) the instruction uses the term "find" where here the instruction uses "believe." We find neither argument persuasive.

■ The only remaining question is whether the erroneous instruction requires reversal. While the court did instruct that the burden is always on the government to prove guilt beyond a reasonable doubt and that this burden never shifts to the defendant, we cannot say that cured the specific defects in this case. Whether Lake received the notices was the pivotal factual question in determining whether Lake knowingly failed to report for his physical and his in-

---

would be compelled to direct the jury to find against him with regard to the presumed fact if he fails to introduce sufficient proof on the issue.

C. McCormick, Evidence § 342, at 804 (2d ed. 1972). Such a rule may well do violence to basic concepts of due process. It could deprive a defendant of his right to a jury trial on the issue involved and the right to have the prosecution prove each element of the offense charged. *But see* Hagner v. United States, 285 U.S. 427, 430–431, 52 S.Ct. 417, 76 L.Ed. 861 (1932).

9. This is not inconsistent with cases referring to this presumption as a rebuttable presumption. United States v. Deans, 436 F.2d 596, 601 n. 5 (3rd Cir.), cert. denied, 403 U.S. 911, 91 S.Ct. 2211, 29 L.Ed.2d 688 (1971); United States v. Bowen, 414 F.2d 1268 (3rd Cir. 1969). However, those cases did not explicitly decide whether the presumption was permissive or mandatory in the absence of rebuttal.

10. *See* note 8, *supra.*

duction. Under the circumstances, he is entitled to a new trial. *See Notaro, supra,* 363 F.2d at 176.

Reversed and remanded.