[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11088
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 21, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00135-CV-1-MP-WCS

GOMEZ T. COOK,

Petitioner-Appellant,

versus

WALTER A. MCNEIL,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 21, 2008)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Gomez T. Cook appeals the dismissal of his petition for a writ of habeas

corpus. We granted a certificate of appealability to address whether Cook's due process claims are procedurally barred. The district court concluded that Cook did not exhaust the claims and denied relief. We affirm.

## I. BACKGROUND

Cook, a Florida prisoner, was convicted of armed robbery. Fla. Stat. Ann. § 813.13 (West 1992). At Cook's trial, the State presented evidence that Cook entered an Albertson's grocery store and attempted to conceal two bottles of wine or champagne, each worth about $115, in the waistband of his pants. The store manager, Stephen Gregory, observed Cook's actions and confronted Cook before he reached the front door. Cook shoved Gregory away, then removed one bottle from his waistband and threw it on the ground, where it "exploded." As Cook left, he repeated the same action with the second bottle of alcohol and walked toward an idling getaway car. Gregory pursued Cook, who turned around and threatened Gregory with a knife that had a three to four-inch blade. Gregory retreated and Cook escaped. The robbery and confrontation outside the store were observed by at least one other store employee and were captured on videotape by the surveillance system of the store. The videotape was played for the jury at trial and the driver of Cook's getaway car testified that she saw Cook brandish a knife at Gregory.

2

After the State rested, Cook moved for a judgment of acquittal and argued that the state had failed to establish a prima facie case of robbery. The trial court denied the motion. Cook presented the testimonies of two witnesses that they did not see Cook in possession of a knife. The jury found Cook guilty of armed robbery, and the trial court sentenced him to a term of life imprisonment "under the Prison Release Reoffender Act."

On direct appeal, Cook argued that the trial court erroneously denied his motion for a judgment of acquittal. Cook argued the evidence did not establish that the knife he used was a deadly weapon, he possessed a knife before he "abandoned" the bottles of alcohol, or the knife was used "in the course of the taking" as required by state statute. The Florida appellate court affirmed Cook's conviction without opinion.

Cook filed in a state court a petition for post-conviction relief and challenged the effectiveness of his trial counsel's representation. The trial court denied relief, and the appellate court affirmed without opinion.

Cook filed a petition for a writ of habeas corpus in the district court in which he repeated his claims of ineffective assistance of counsel. The State responded that Cook's ineffectiveness claims were without merit. Cook filed an amended petition and argued that his rights under the "Fourteenth Amendment of the United

3

States Constitution and <u>Johnson v. Florida</u>, [391 U.S. 596,] 88 S. Ct. 1713 [(1968)]," were violated when the trial court denied his motion for a judgment of acquittal because he was not in possession of the knife until after he "abandoned" the bottles of alcohol, the knife was "statutorily excluded from the definition of a deadly weapon," and the knife was "not used 'in the course of' the robbery." The State argued in three separate responses that Cook did not prove the decision was contrary to or an unreasonable application of clearly established federal law, Cook's due process argument was procedurally defaulted and lacked merit, and Cook's characterization of the knife as a deadly weapon was a matter of state law.

The magistrate judge stated in a Report and Recommendation that Cook failed to exhaust his argument that his conviction violated the federal guarantee of due process and Cook could not establish prejudice to excuse that procedural default. The magistrate judge concluded that Cook was not entitled to relief for his ineffectiveness claims because the decisions were not contrary to or an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052 (1984). Cook admitted in his objections to the Report and Recommendation that his due process claim had not been exhausted in the state courts, but he argued that the claim should be reviewed on the merits.

The district court adopted the Report and Recommendation and agreed that

Cook failed to exhaust his due process claim and could not prove prejudice to excuse that procedural default. The district court also stated that, even if the claim had been exhausted, it was without merit. The district court ruled that Cook did not prove the adjudication of his ineffectiveness claims by the state courts was contrary to or an unreasonable application of Strickland.

## II. STANDARD OF REVIEW

We review the denial of a habeas corpus petition de novo. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005). This appeal is governed by the Antiterrorism and Effective Death Penalty Act, which requires a state prisoner to exhaust all available state court remedies, either on direct appeal or in a state post-conviction proceeding. 28 U.S.C. § 2254(b)–(c). The exhaustion doctrine requires the petitioner to "fairly present" his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right. Duncan v. Henry, 513 U.S. 364, 365–66, 115 S. Ct. 887, 888 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971)).

## III. DISCUSSION

Cook presents two arguments on appeal. First, Cook contends that his sentence is unconstitutionally disproportionate under the Eighth Amendment. Second, Cook appeals the decision by the district court to dismiss his due process

issue as procedurally defaulted. We address each argument in turn.

*A. Cook's Eighth Amendment Argument is Outside the Scope of the COA.*

Cook argues for the first time on appeal that his sentence is "grossly disproportionate" to his crime, under the Eighth Amendment, because the sentencing judge did not believe that he committed robbery with a deadly weapon. Our scope of review is limited to those issues presented in the certificate of appealability. Murry v. U.S., 145 F.3d 1249, 1250–51 (11th Cir. 1998). Cook's argument is outside the scope of the COA and is not properly before this Court. We dismiss it.

*B. Cook Did Not Exhaust His Due Process Argument.*

"Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court." McNair, 416 F.3d at 1302 (citing 28 U.S.C. § 2254(b)(1); Kelly v. Sec'y for Dept. of Corr., 377 F.3d 1317, 1343 (11th Cir. 2004)). The petitioner must "'fairly present[]' to the state courts the 'substance' of his federal habeas corpus claim." Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982) (citing Picard, 404 U.S. at 275, 278, 92 S. Ct. at 512, 513). Exhaustion is not satisfied "merely" if the petitioner presents the state court with "all the facts necessary to support the claim" or even if a "somewhat similar state-law claim was made." Kelly, 377 F.3d at 1344 (citing Anderson, 459 U.S. at

6

6, 103 S. Ct. at 277).  The petitioner must instead "present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'"  Id. (quoting Picard, 404 U.S. at 277, 92 S. Ct. at 513).

Cook failed to exhaust his argument that his conviction violated the federal guarantee of due process.  Cook admitted in his objection to the Report and Recommendation that the claim was defaulted, but he now argues that the absence of "magical terminology" or reliance on "federal precedents" does not preclude habeas review.  Cook's argument fails because he did not "alert the [state] court to the alleged federal nature of [his] claim."  Baldwin v. Reese, 541 U.S. 27, 33, 124 S. Ct. 1347, 1351 (2004).  He cited exclusively to state cases and all of his substantive arguments addressed Florida law.  Although Florida courts assess the sufficiency of the evidence under the standard applied in Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979), the tenor of Cook's narrow arguments that challenged the characterization of his knife and the sequence of his actions under the Florida statute did not bring a federal claim about due process to the attention of the state appellate court.  Because Cook failed to exhaust his federal claim and offered no cause or prejudice to excuse the failure to exhaust, his argument is procedurally defaulted.

Even if Cook exhausted his due process claim, it is meritless. To obtain relief, Cook was required to establish either that the state courts applied a standard contrary to federal law or that they applied that precedent in an unreasonable manner. 28 U.S.C. § 2254(d)(1). The decision of the state courts was not an unreasonable application of clearly established federal law. Compare Jackson, 443 U.S. at 319, 99 S. Ct. at 2789, with Simmons v. State, 934 So. 2d 1100, 1111 (Fla. 2006). The evidence, viewed in a light most favorable to the prosecution, establishes that Cook took possession of two bottles of alcohol owned by Albertson's grocery store, destroyed the bottles, and to effectuate his getaway, threatened the store manager with a knife. A rational juror could have found Cook guilty beyond a reasonable doubt of robbery with a deadly weapon.

## IV. CONCLUSION

The denial of Cook's habeas corpus petition is **AFFIRMED**.