**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10012 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00160-MCE-KJN-1 |
| v. | |
| RAHEEM D. LEE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted December 21, 2018
San Francisco, California

Before: M. SMITH, NGUYEN, and BENNETT, Circuit Judges.

Raheem Lee appeals his misdemeanor conviction for driving a motor vehicle on a military installation while his license was suspended for a DUI conviction, in violation of California Vehicle Code section 14601.2(a), as assimilated by the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The central issue at trial was whether Lee knew his driver's license was suspended when he drove. The government introduced into evidence a DMV driver record printout with a "verbal notice document on file" notation and a verbal notice of action document bearing Lee's signature.

The admission of the verbal notice of action document did not violate the Confrontation Clause of the Sixth Amendment because the notice is not testimonial under *Crawford v. Washington*, 541 U.S. 36, 68 (2004). The notice was not created to aid a police investigation; indeed, no police investigation even existed when the notice was created. *See United States v. Berry*, 683 F.3d 1015, 1023 (9th Cir. 2012). In addition, although the DMV custodian of records testified that "part of the purpose" of the notice was evidentiary, Lee did not establish that the notice was created "*solely* for evidentiary purposes." *Id.*

In any event, even if the admission of the notice violated the Confrontation Clause, the error was harmless beyond a reasonable doubt. *See United States v. Norwood*, 603 F.3d 1063, 1068–69 (9th Cir. 2010). The magistrate judge expressly relied on multiple other pieces of evidence to infer Lee's knowledge of the suspension, including the DMV driver record printout, an administrative per se notice, an order of suspension letter, and circumstantial evidence such as Lee's statements to the citing officer. Although Lee and another witness testified that there were mail theft issues at his apartment complex, the judge permissibly found

2

Lee not credible as to his testimony that he never received the administrative per se notice or order of suspension letter in the mail.

Lee also argues that the magistrate judge improperly assimilated a California evidentiary rule under the ACA. We disagree. The judge found that there was a "reasonable presumption" that Lee received the administrative per se notice and order of suspension letter because they were placed in the mail and addressed to him. Although the government proposed a California model jury instruction based on California Vehicle Code section 14601.2(c) and *People v. Roder*, 658 P.2d 1302, 1305–13 (Cal. 1983), the judge expressly declined to rely on it. The judge stated: "[R]egardless of whether there's a California jury instruction, I know what inferences I can draw with regard to things being placed in the mail . . ." Thus, the judge relied on a standard evidentiary presumption recognized under our case law. *See, e.g.*, *United States v. Perdue*, 469 F.2d 1195, 1203 (9th Cir. 1972); *United States v. Lee*, 458 F.2d 32, 33 (9th Cir. 1972) (per curiam).

Because the judge did not rely on state law to infer that Lee received the mailed documents, there is no assimilation problem, and we need not decide whether the California rule is substantive for purposes of the ACA.

**AFFIRMED.**