Rockingham, March 4, 1943. } No. 3397.

BLANCHE GAGNON, *Adm'x v.* GEORGE KRIKORIAN.

THOMAS A. MAWSON, *by his next friend v.* SAME.

*Frederick J. Grady* (by brief and orally), for the plaintiff administratrix.

*Chester T. Woodbury* (by brief and orally), for the other plaintiff.

*George D. Varney* and *Arthur E. Sewall* (*Mr. Sewall* orally), for the defendant.

ALLEN, C. J.   The exceptions to the denial of requested instructions are best considered in three groups without unrelated analysis

of each of them. The requests, liberally construed, were directed to the application of statutory law, to conclusive proof of certain issues, and to sufficiency of instructions.

The contention that a speed of the truck of over fifteen miles an hour was excessive by force of the statute (Laws 1937, c. 125, s. 17-a, I; R. L., c. 119, s. 30, I) is untenable. The statute prescribes that limit for a motor vehicle "when passing a school during school recess or while children are going to or leaving school during opening or closing hours." While the two boys were leaving school during the hour of closing, the defendant was not passing the school, in any possible construction of the statute, when over seven hundred feet distant from it, even if he had knowledge of the site of the school and of its closing hour at the time. It would have invaded the province of the jury if a speed of over fifteen miles an hour had been ruled as excessive. A driver's speed in approach to a schoolhouse before reaching and passing it is regulated by no prescribed limit of a definite figure.

One request sought a ruling that by statute a speed of fifteen miles an hour must be decreased when a special hazard exists. The statute understood to be relied upon (R. L., c. 119, s. 29) imposes the duty to operate within a reasonable speed at all times. This states the common law. No exact limit of speed is prescribed by it, and the defendant's speed at the place of collision was required only to be reasonable. The jury was duly instructed to that effect.

The charge disregarded no statutory duties of the defendant.

Emphasis is placed on the claim that the defendant's speed, findably not over twenty miles an hour, was excessive as matter of law, by reason of the special hazard of proximity to a schoolhouse at the time of the close of the school for the day. The evidence permitted a finding of unreasonable speed by reason of the hazard, but the finding was not a required one. Conclusions from the evidence might be made, and in some respects were demanded, that the truck driven by the defendant was in proper operating order, and under proper control, the roadway was suitable for the speed, and its course towards the schoolhouse and on which the collision occurred was straight and clear with no children in view. Other circumstances tending to lessen the seriousness of the hazard do not need statement. The defendant's duty to anticipate that there might be a bicycle hidden from his view by the trailer of the slow-driven tractor behind which it was proceeding and that the driver of the bicycle might suddenly and sharply swing to the left into the center

of the roadway was properly for the jury to determine. Reasonable alertness to the hidden danger was all that was demanded of him, and this was a factual issue.

Incidental to the defendant's care, was a request that "approaching a school at that time" he "had reason to expect the presence of children in the vicinity." While the evidence well warranted the finding, it was not demonstrably proved. Although the accident took place soon after the close of the school, the defendant was findably uncertain of the exact time of day, and taking into account the distance of over seven hundred feet from the place of the collision to the schoolhouse with no definite evidence that he saw any school children in the clear view of that distance ahead of him, he cannot be charged as matter of law with a required appreciation of the children's presence.

While none of the requests may clearly be construed to seek special instructions on the point of the special hazard, the charge adequately presented it as appears from these portions of it:

"The plaintiffs complain that Mr. Krikorian was driving at a negligent rate of speed, an unreasonable rate of speed in view of all the circumstances. That Mr. Krikorian knew that the schoolhouse was in this vicinity, he knew that children were likely to be leaving the schoolhouse and walking along or on bicycles at the time, and knowing these things and circumstances connected with the case he should have operated his car at a lower rate of speed and that if he had operated his truck at a lower rate of speed he could, in the exercise of due care, have avoided the accident. Again, those conditions raise questions of fact for you gentlemen to determine. Could Mr. Krikorian in the exercise of reasonable care have avoided this accident? Did he use due care?

". . . He [the defendant] claims that the children suddenly turned out from behind the trailer onto the road and that he was confronted with an emergency. Now you will determine whether or not this was so. If he got into an emergency through his own fault, the emergency factor should not be considered."

The remaining requests claimed to have been denied were granted in substance. One was to the effect that the evidence warranted a finding of the defendant's causal negligence. It was necessarily granted by the submission of the case to the jury. One was that the negligence of the driver of the bicycle was not established by the fact that he turned out from behind a very slow moving vehicle behind which he was proceeding, in order to pass it. The law re-

348

lating to the issue of his care was stated in general and sufficient definement, and the court had no duty to advert to items of evidence relative to his exercise of care in particular respects. *American Employers &c Co.* v. *Wentworth*, 90 N. H. 112, 118.

The motions to set aside the verdict appear to be based upon a general claim that the jury improperly disregarded the evidence supporting the plaintiffs' causes of action. No reasons are assigned that the verdict was against the law or contrary to the evidence. The other grounds that it was against the weight of the evidence, and that the jury did not consider the evidence intelligently, were improperly influenced, and fell into a plain mistake, presented issues of fact, as to which the trial court's findings are final, when there is nothing to show that they could not legally be made. No arbitrary action of the trial court in this respect appears.

The record shows a fair trial, and the order follows of

*Judgments on the verdicts.*

All concurred.