237 So.2d 139 (1970)
James Clyde SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 39219.
Supreme Court of Florida.
June 17, 1970.
Robert M. Lloyd, of Fee, Parker & Neill, Fort Pierce, for appellant.
Earl Faircloth, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
DREW, Justice.
The trial court ruled in the trial of this cause that Florida Statutes, Section 317.221(1) *140 (1967), F.S.A.,[1] was constitutional, found the appellant [defendant below] guilty of the offenses charged under the statute, and imposed an appropriate sentence. It is from this judgment of conviction and sentence that this appeal has been prosecuted, raising the sole issue of the constitutionality of said statute.[2]
Appellant predicates his attack on the statute primarily on the decision of this Court in Brock v. Hardie.[3] A careful consideration of Brock, however, leaves no doubt that it is not authority for appellant. The holding of Brock, with reference to this question, is that "a statute which either forbids or requires the doing of an act in terms so vague that anyone of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."[4] This Court adopted that definition as its own and designated it as the test approved by the United States Supreme Court.
There are many actions of motorists in the operation of motor vehicles that may be expressly described and forbidden by the Legislature, such as speed limits in various areas and under varying conditions, parking regulations, adequate lights, brakes, and matters of that kind; but the lawmakers cannot anticipate or provide for every eventuality that might arise in the operation of a motor vehicle on the public highways that might endanger life and property. For this reason the statute makes it unlawful to operate such a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards there existing. When we apply this statute to the language in Brock, it is clear that "men of common intelligence" would know of its meaning and would not be required to guess as to its application.
This conclusion is particularly true when considered in the light of the specific charges made in the sworn complaint upon which this appellant was tried below. The charges are that the appellant on a day therein named at an hour named, while operating the vehicle therein described on a public highway, at a place described, failed to use due care in violation of Section 317.221(1). Attached to this complaint is what might appropriately be termed a bill of particulars reading:
"Subj. was driving South and failed to observe a semi truck-trailer that had slowed because of dogs in the road and struck the left rear of the trailer. His car continued through the median and struck a northbound car head-on. The driver of the northbound car expired at 7:55 P.M. the same day. This subj. received a broken leg and ribs."
Appellant has cited authority from other states which support his contention.[5] The weight of authority, however, is that such statutes are not offensive to constitutional requirements.[6]
*141 In People v. Smith[7] the Supreme Court of California, in upholding the validity of a similar statute, said:
"To make a statute sufficiently certain to comply with constitutional requirements it is not necessary that it furnish detailed plans and specifications of the acts or conduct prohibited. The words of this statute are at least as certain as the statutory language, substantially the same as that now in Section 510 of the Vehicle Code, prohibiting driving at a speed `greater than is reasonable and proper' or `at such rate of speed as to endanger the life or limb of any person or the safety of any property' (Stats. 1917, p. 404), which was held sufficiently certain in Ex parte Daniels, 1920, 183 Cal. 636, 647, 192 P. 442, 21 A.L.R. 1172; * * *. `The law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree.' * * *"
We approve the above observations and adopt such language as ours, so far as applicable to this statute. Moreover, our study of other authorities prompts us to say it pretty well summarizes the majority view in this area.
City of St. Petersburg v. Calbeck[8] involved a disorderly conduct ordinance containing language similar to that here considered. The District Court of Appeal, Second District, appropriately observed:
"Likewise, the ordinance or statute must be sufficiently explicit in its description of the acts, conduct or conditions required or forbidden, to prescribe the elements of the offense with reasonable certainty, and make known to those to whom it applies what conduct on their part will render them liable for its penalties. 16A C.J.S. Constitutional Law § 580; Ex parte Hawthorne, 116 Fla. 608, 156 So. 619, 96 A.L.R. 572; Brock v. Hardie, 114 Fla. 670, 154 So. 690. A statute or ordinance which fulfills the foregoing requirements does not deny due process of law, even though it is not confined to a definition of specific acts. Matteson v. City of Eustis, 140 Fla. 591, 190 So. 558; Poole v. State, 129 Fla. 841, 177 So. 195, appeal dismissed, 303 U.S. 619, 58 S.Ct. 611, 82 L.Ed. 1084.
"Impossible standards are not required, however, statutory language that conveys a definite warning as to proscribed conduct when measured by common understanding and practices satisfies due process. United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877."
We think this language appropriate in this case and that the decisions of this Court there cited clearly sustain the validity of the statute under review here.
Affirmed.
ERVIN, C.J., and ROBERTS, THORNAL, CARLTON, ADKINS and BOYD, JJ., concur.
NOTES
[1] "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care." Fla. Stat. § 317.221(1) (1967), F.S.A.
[2] Fla. Const. art. V, § 4(2), F.S.A.
[3] 114 Fla. 670, 154 So. 690 (1934).
[4] Id. at 678-679, 154 So. 690, 694 (1934).
[5] Howard v. State, 151 Ga. 845, 108 S.E. 513 (1921); Empire Mutual Life Ins. Co. v. Allen, 141 Ga. 413, 81 S.E. 120 (1914); and State v. Lantz, 90 W. Va. 738, 111 S.E. 766 (1922).
[6] 60A C.J.S. Motor Vehicles § 290(2) (1969); Bush v. Southern Pacific Co., 106 Cal. App. 101, 289 P. 190, 193 (1930); George v. Smith, 105 N.H. 100, 193 A.2d 16 (1963); Gagnon v. Krikorian, 92 N.H. 344, 31 A.2d 49; Ex parte Daniels, 183 Cal. 636, 192 P. 442 (1920); People v. Smith, 36 Cal. App.2d 748, 92 P.2d 1039 (1939); People v. Banat, 39 Cal. App.2d 765, 100 P.2d 374 (1940); Lohman v. District of Columbia, 51 A.2d 382 (Mun. Ct.App. 1947); State v. Smith, 29 R.I. 245, 69 A. 1061 (1908).
[7] 36 Cal. App.2d 748, 92 P.2d 1039, 1042 (1939).
[8] 114 So.2d 316, 320 (2d Dist.Ct.App.Fla. 1959).