610 So.2d 591 (1992)
STATE of Florida, Appellant,
v.
Alan L. ALVES, Appellee.
No. 91-1946.
District Court of Appeal of Florida, Fifth District.
December 11, 1992.
*592 Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, Daytona Beach, and Michael J. Heise, Asst. Public Defender, DeLand, for appellee.
PETERSON, Judge.
The State appeals an order granting Alan L. Alves' motion to dismiss an information charging Alves with a violation of section 856.015, Florida Statutes (1991). We have jurisdiction. Fla. Const. art. V, § 4(b)(1); § 26.021, Fla. Stat. (1991); Fla.R.App.P. 9.030(b)(1)(a). The motion challenged the facial validity of the statute which provides:
856.015 Open house parties. 
(1) Definitions.  As used in this section:
(a) "Adult" means a person not legally prohibited by reason of age from possessing alcoholic beverages pursuant to chapter 562.
(b) "Alcoholic beverage" means distilled spirits and any beverage containing 0.5 percent or more alcohol by volume. The percentage of alcohol by volume shall be determined in accordance with the provisions of s. 561.01(4)(b).
(c) "Control" means the authority or ability to regulate, direct, or dominate.
(d) "Drug" means a controlled substance, as that term is defined in ss. 893.02(4) and 893.03.
(e) "Minor" means a person not legally permitted by reason of age to possess alcoholic beverages pursuant to chapter 562.
(f) "Open house party" means a social gathering at a residence.
(g) "Residence" means a home, apartment, condominium, or other dwelling unit.
(2) No adult having control of any residence shall allow an open house party to take place at said residence if any alcoholic beverage or drug is possessed or consumed at said residence by any minor where the adult knows that an alcoholic beverage or drug is in the possession of or being consumed by a minor at said residence and where the adult fails to take reasonable steps to prevent the possession or consumption of the alcoholic beverage or drug.
(3) The provisions of this section shall not apply to the use of alcoholic beverages at legally protected religious observances or activities.
(4) Any person who violates any of the provisions of subsection (2) is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The trial court held that the following terms contained in the statute were unconstitutionally vague and that "[a] person of ordinary intelligence is not thereby put on notice as to what conduct is authorized by the state or who is criminally responsible":
(1) "Social gathering"  section 856.015(1)(f)
(2) "Adult having control"  section 856.015(2)
(3) "Reasonable steps"  section 856.015(2)
(4) "Legally protected religious observances or activities"  section 856.015(3)
We share the trial court's concern about the vagueness of the language employed, but we need focus only on the statute's requirement that an otherwise innocent *593 adult may be exposed to criminal liability if in hindsight the state disagrees with what the adult deemed to be reasonable steps in dealing with the situation that existed at the time of discovery of an illicit substance in the possession of a minor. A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. State v. Llopis, 257 So.2d 17 (Fla. 1971).
Challenges to the facial validity of a statute must be based upon the test enunciated in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), and State v. Dye, 346 So.2d 538 (Fla. 1977). The test, stated by the United States Supreme Court, is as follows:
[L]ack of precision is not itself offensive to the requirements of due process. "* * * [T]he Constitution does not require impossible standards"; all that is required is that the language "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices" ... "That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense."
Roth, 354 U.S. at 491-92, 77 S.Ct. at 1312-13, quoting United States v. Petrillo, 332 U.S. 1, 7-8, 67 S.Ct. 1538, 1542, 91 L.Ed. 1877 (1947). See also State v. Lindsay, 284 So.2d 377 (Fla. 1973).
A cursory reading of section 856.015 conveys a warning that a criminal offense will occur if an adult in control of a residence knowingly allows a social gathering to take place there; the possession or consumption of alcoholic beverages or controlled substances by a minor occurs during the gathering; and the adult in control fails to take reasonable steps to prevent the possession or consumption after becoming aware of it. The statute does not target only adults who knowingly allow the possession or consumption; it also targets adults who allow a social gathering of minors to take place at their residence with no intention that the prohibitions will be violated. In the latter case, the statute does not give sufficiently definite directions as to what course of action the otherwise innocent adult in control must take after discovering possession or consumption by a minor.
The state contends that Alves lacks standing to argue that the statute is unconstitutional because he does not contend that he took any steps to prevent the consumption of alcohol. We think the requirement that one control the behavior of minors by taking reasonable steps to prevent them from consuming or possessing alcohol or controlled substances is too vague to be enforceable.
The Florida Supreme Court has construed a statute which incorporated the use of a "reasonable" standard. Section 317.221(1), Florida Statutes (1967), prohibited the driving of "a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards there existing." In Smith v. State, 237 So.2d 139 (Fla. 1970), the court stated:
There are many actions of motorists in the operation of motor vehicles that may be expressly described and forbidden by the Legislature, such as speed limits in various areas and under varying conditions, parking regulations, adequate lights, brakes, and matters of that kind; but the lawmakers cannot anticipate or provide for every eventuality that might arise in the operation of a motor vehicle on the public highways that might endanger life and property. For this reason the statute makes it unlawful to operate such a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards there existing. When we apply this statute to the language in Brock [v. Hardie, 114 Fla. 670, 154 So. 690 (1934)], it is clear that "men of common intelligence" would know of its meaning and would *594 not be required to guess as to its application.
Id. at 140.
The instant statute does not involve such infinitely variable eventualities as are routinely encountered in driving situations. It is based upon the rather simple element of a minor possessing or consuming alcoholic beverages or controlled substances. Once an adult having control becomes aware that alcohol or a controlled substance is in the possession of the minor, the adult is required by the statute to take some action that is reasonable. The term reasonable implies that the required action can vary. But why should the action vary? The statute would be invoked in each case when an adult in control discovers during a social gathering a minor with alcohol or drugs on the adult's residential property. When that situation exists, the adult must take some action, so says the legislature. That action could not be variable by the age or the substance, because the statute refers to "any minor" and because the statute prescribes "alcohol or controlled substance."
One variable that comes to mind is the relationship between the possessing child and the observing adult. We doubt that a state attorney would consider that the controlling adult who observed a nephew or a next-door neighbor's child with an alcoholic beverage acted in a reasonable manner when he simply asked the minor to leave his premises with the beverage and later the child was killed or killed others while driving a vehicle in an impaired condition.
The actions that are available to an observing adult in control of a residence are not numerous and can be selected by the legislature rather than imposing criminal sanctions upon one who is placed in a position of guessing what is reasonable. The adult can post the statute on the front door of the residence, ask the minor to dispose of the substance (hopefully, not on the adult's premises if it is a controlled substance!), ask the minor to leave the premises (this may not be a viable alternative in view of the language of the statute which requires the adult to take reasonable steps to prevent possession or consumption but which does not clearly indicate that the prevention is limited to the residential premises), inform the minor's parents, or call the police. Persons of common intelligence may differ as to the reasonableness of the step to be taken except for the most severe step, which is to call the police. If that is the step to be taken, the legislature can prescribe it in specific terms rather than placing the burden on a law-abiding adult who has passively observed a minor with a prohibited substance to guess accurately with potential criminal liability as to what to do about the observation.
We affirm the trial court's dismissal of the information filed against Alves and its declaration that section 856.015, Florida Statutes (1991), is unconstitutionally vague.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.