649 So.2d 1388 (1995)
STATE of Florida, Appellant,
v.
Marylee MANFREDONIA and James D. Slayton, Appellees.
No. 82999.
Supreme Court of Florida.
February 9, 1995.
*1389 Robert A. Butterworth, Atty. Gen., and William I. Munsey, Jr. and Ann P. Corcoran, Asst. Attys. Gen., Tampa, for appellant.
Robert E. Jagger, Public Defender, and Marc A. Falco, on behalf of the Office of the Public Defender, Sixth Judicial Circuit, Clearwater, for appellee.
ANSTEAD, Justice.
We have on appeal State v. Manfredonia, 629 So.2d 306 (Fla. 2d DCA 1993), in which the district court declared section 856.015, Florida Statutes (1991), unconstitutionally vague. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
James Slayton and Mary Manfredonia were charged in unrelated cases with violating section 856.015, Florida Statutes (1991). Section 856.015 states, in pertinent part:
No adult having control of any residence shall allow an open house party to take place at said residence if any alcoholic beverage or drug is possessed or consumed at said residence by any minor where the adult knows that an alcoholic beverage or drug is in the possession of or being consumed by a minor at said residence and where the adult fails to take reasonable steps to prevent the possession or consumption of the alcoholic beverage or drug.
§ 856.015(2), Fla. Stat. (1991).[1] The trial court in each case, relying on State v. Alves, 610 So.2d 591 (Fla. 5th DCA 1992), held that section 856.015 was unconstitutionally vague and dismissed the charges.
The Second District dismissed the State's appeal as to Manfredonia as untimely. Manfredonia, 629 So.2d at 307. The court affirmed the trial court's dismissal of the charges against Slayton, explicitly adopting the reasoning of the Fifth District in State v. Alves, 610 So.2d 591 (Fla. 5th DCA 1992). We affirm the dismissal of the Manfredonia appeal but reverse the district court decision as to Slayton.
Alves held that section 856.015's "requirement that one control the behavior of minors by taking reasonable steps to prevent them from consuming or possessing alcohol or controlled substances is too vague to be enforceable." Id. at 593. In Alves, the Fifth District relied primarily upon this Court's analysis in Smith v. State, 237 So.2d 139 (Fla. 1970), where we declared constitutional a traffic statute[2] that also incorporated a "reasonable" *1390 standard. In Smith, we held the traffic statute not unconstitutionally vague because men of common intelligence would know of its meaning and would not be required to guess as to its application. 237 So.2d at 140 (applying language from Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934)). In contrast, the Alves court found that
[t]he instant statute does not involve such infinitely variable eventualities as are routinely encountered in driving situations... . The term reasonable implies that the required action can vary. But why should the action vary?
... .
The actions that are available to an observing adult in control of a residence are not numerous and can be selected by the legislature rather than imposing criminal sanctions upon one who is placed in a position of guessing what is reasonable.
610 So.2d at 594.
We disagree with the district court's analysis. We do, however, agree that the statute is not a paradigm of legislative drafting. Nevertheless, as the United States Supreme Court has instructed, this reason alone cannot justify invalidating the statute.
In Roth v. United States, 354 U.S. 476, 491-92, 77 S.Ct. 1304, 1312-13, 1 L.Ed.2d 1498, 1511 (1957) (citations omitted), the United States Supreme Court stated the controlling standard for evaluating a due process challenge based on vagueness:
[L]ack of precision is not itself offensive to the requirements of due process. "... [T]he Constitution does not require impossible standards"; all that is required is that the language "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices... ." ... "That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense... ."
Similarly, the United States Supreme Court said in Smith v. Goguen, 415 U.S. 566, 581, 94 S.Ct. 1242, 1251, 39 L.Ed.2d 605, 616 (1974): "There are areas of human conduct where by the nature of the problems presented, legislatures simply cannot establish standards with great precision."
Initially, we do not find it unreasonable for the legislature to impose a duty upon an adult who is in control of a residence during a party to take some reasonable action when that adult becomes aware that a minor has alcohol on the premises. Perhaps reasonable people may disagree about the need or efficacy of the statute, but that is not in issue. Another law, of course, prohibits the possession of alcohol by a minor. § 562.111, Fla. Stat. (1993). Under section 856.015, an adult in control who knowingly permits the consumption of alcohol by a minor is simply being made accountable for either failing to terminate the party or taking some reasonable action to prevent the continued possession or consumption. This statute is similar to, but more specific and focused than the statutory provisions on contributing to the delinquency of a minor. See § 827.04(3), Fla. Stat. (1993). Those provisions, too, may be invoked in situations involving alcohol.
As we read the statute, the State has a great burden to overcome in proving that an adult has violated section 856.015. In order to successfully prosecute under this section, the State must establish the following elements: (1) an adult in control of the premises knowingly allows a social gathering to take place there; (2) the possession or consumption of alcoholic beverages or controlled substances by one or more minors occurs during the gathering; (3) the adult in control has actual knowledge of the possession or consumption of alcoholic beverages or controlled substances by the minors; and (4) the adult in control: (a) allows the party to continue and (b) fails to take any reasonable steps to prevent the possession or consumption. In essence, the State has the heavy burden of proving beyond a reasonable doubt that the adult in charge stood by and did nothing[3] in the face of the adult's actual knowledge of the minor's consumption or *1391 possession of alcohol or controlled substances.

CONCLUSION
In conclusion, we believe that section 856.015, while not a model of clarity, is not unconstitutionally vague. It prohibits an adult, who is in control of the premises, from having a party and knowingly permitting a minor to continue to consume or possess alcoholic beverages or drugs on the premises. That adult may avoid liability by terminating the party or taking some other reasonable action to prevent the consumption or possession after learning thereof.
Accordingly, we reverse the decision below, State v. Manfredonia, 629 So.2d 306 (Fla. 2d DCA 1993), and remand this case for proceedings consistent with this opinion. We also disapprove of State v. Alves, 610 So.2d 591 (Fla. 5th DCA 1992).
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., concur.
NOTES
[1] In its entirety, the statute reads as follows:

(1) Definitions.  As used in this section:
(a) "Adult" means a person not legally prohibited by reason of age from possessing alcoholic beverages pursuant to chapter 562.
(b) "Alcoholic beverage" means distilled spirits and any beverage containing 0.5 percent or more alcohol by volume. The percentage of alcohol by volume shall be determined in accordance with the provisions of s. 561.01(4)(b).
(c) "Control" means the authority or ability to regulate, direct, or dominate.
(d) "Drug" means a controlled substance, as that term is defined in ss. 893.02(4) and 893.03.
(e) "Minor" means a person not legally permitted by reason of age to possess alcoholic beverages pursuant to chapter 562.
(f) "Open house party" means a social gathering at a residence.
(g) "Residence" means a home, apartment, condominium, or other dwelling unit.
(2) No adult having control of any residence shall allow an open house party to take place at said residence if any alcoholic beverage or drug is possessed or consumed at said residence by any minor where the adult knows that an alcoholic beverage or drug is in the possession of or being consumed by a minor at said residence and where the adult fails to take reasonable steps to prevent the possession or consumption of the alcoholic beverage or drug. (3) The provisions of this section shall not apply to the use of alcoholic beverages at legally protected religious observances or activities. (4) Any person who violates any of these provisions of subsection (2) is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
[2] See section 317.221(1), Florida Statutes (1967), which prohibited the driving of "a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards there existing."
[3] We imply one of two things by the phrase "did nothing": (1) the adult in control took no steps whatsoever, or (2) the adult in control did nothing that could be fairly characterized as reasonable to prevent the continued consumption or possession of the alcohol or drugs.