J. D. Poole v. State.

177 So. 195.
Division B.
Opinion Filed November 5, 1937.
Rehearing Denied December 7, 1937.

842

*W. D. Bell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell* and *Tyrus A. Norwood,* Assistant Attorneys General, for the State.

WHITFIELD, P. J.—An information was filed by the State Attorney in the Circuit Court for DeSoto County charging that J. D. Poole and three others on August 9th, 1936, in DeSoto County, Florida, "did steal, take and carry away a certain cow of the goods and chattels of Lykes Brothers Florida Company, a corporation contrary," * * *. A bill of particulars stated that "the cow * * * was branded with an L, marked sharp in each ear, and was such a cow as is generally described and referred to as a yellow cow with a motley face."

The information was sworn to by the State Attorney before the Clerk of the Circuit Court for Manatee County

on August 21st, 1936, and filed in the Circuit Court for DeSoto County on August 22nd, 1936. Both counties are in the Twelfth Judicial Circuit of Florida, and the State Attorney is the prosecuting officer of the Circuit Court in all the counties of the Twelfth Judicial Circuit. There is an Assistant State Attorney in the Twelfth Judicial Circuit.

A motion to quash the information was denied and after a demurrer to a plea in abatement was sustained, the defendant, J. D. Poole, alone was found guilty as charged. Motions for an arrest of judgment and for a new trial were overruled, an exception was noted and the defendant, J. D. Poole, was sentenced to confinement in the State Prison for five years. A writ of error was taken.

Prior to the adoption, at the general election held on November 6, 1934, of amended Section 10 of the Declaration of Rights of the Florida Constitution, State Attorneys were authorized to file informations in the Circuit Courts of the State only in misdemeanor cases. See Secs. 7592 (5449) 8363 (6058) C. G. L.

Amended Section 10 of the Declaration of Rights is as follows:

"No person shall be tried for a capital crime unless on presentment or indictment by a grand jury, and no person shall be tried for other felony unless on presentment or indictment by a grand jury or upon information under oath filed by the prosecuting attorney of the court wherein the information is filed, except as is otherwise provided in this Constitution, and except in cases of impeachment, and in cases in the militia when in active service in time of war, or which the State, with the consent of Congress, may keep in time of peace. Any person under such information, presentment or indictment for any felony not capital may be arraigned and may enter a plea in term time or in vacation,

and the judgment and sentence of the court on a plea of guilty may be made and entered either in term time or in vacation. The judge of any circuit court is authorized to dispense with the summoning, impaneling, and convening of the grand jury at any term of court by making, entering, and filing with the clerk of said court a written order directing that no grand jury be summoned at such term of court, which order of the circuit judge may be made in vacation or term time of said court. The Legislature shall have power by general legislation to regulate the number of grand jurors to serve upon, or constitute, a grand jury and to fix the number of grand jurors required to vote for and return an indictment or presentment.

"This amendment, upon ratification as aforesaid, shall take effect at midnight on December 31st, 1934, without the necessity of legislation."

Under this organic amendment a person may be tried for a felony not capital, "upon information under oath filed by the prosecuting attorney of the" Circuit Court. The Constitution does not require the State Attorney to take the oath supporting an information charging a non-capital felony, before an officer authorized to administer oaths in the county of the circuit wherein the information is to be filed; and as the oath was taken in Manatee County, a county within the Circuit in which the State Attorney has official authority, before the Clerk of the Circuit Court for Manatee County which county is in the same judicial circuit as is DeSoto County where the information was filed, such information is not for that reason unauthorized, illegal or void; but, unless otherwise provided by controlling law, such information must be regarded as being properly authenticated for the filing in the Circuit Court for DeSoto County, both DeSoto and Manatee Counties being in the

Twelfth Judicial Circuit. "The prosecuting attorney of the" Circuit Court is the State Attorney of the Circuit; and he is "the prosecuting attorney" who under the amended organic section must file the "information under oath." In proposing and adopting the organic amendment it was of necessity contemplated that in some Judicial Circuits of the State there would be more than one Circuit Judge, and also one or more Assistant State Attorneys, and that when two or more judges of a circuit are holding sessions of the circuit court in more than one county of the circuit, the State Attorney would be officially engaged in one county with an Assistant State Attorney serving in another county who could prosecute upon informations only when they are sworn by the State Attorney himself, therefore in order to dispatch the business of the court, informations may be sworn to by the State Attorney in the county of his circuit where he might be, before an officer authorized to administer oaths in that county, the informations so sworn to by the State Attorney to be filed in the circuit court of another county in the same circuit. Illness or other causes might justify the State Attorney acting in his circuit in making oath to an information to be filed in his circuit but in another county of the circuit. The information was not illegally sworn to and authenticated.

Amended Section 10 of the Declaration of Rights does not require informations to be filed in term time and the statute authorizes informations to be filed in the circuit court in term time or in vacation. Chapter 17172, Acts of 1935. A purpose of the organic amendment is to empower the circuit courts to accept pleas of guilty upon information in vacation and to impose sentences thereon during vacation as well as in term time.

Sections 7223 (5122), 7224 (5123) C. G. L. define grand

larceny and petit larceny according to the value of the property stolen. This statute enacted first in 1921 does not specifically refer to cows or other domestic animals as the subject of larceny and the sections are not in conflict with and do not repeal Section 7234 (5133) C. G. L., enacted in 1897, which makes the larceny of any of stated domestic animals including cows, without reference to value, punishable by imprisonment in the State prison not less than two years nor more than five years.

The larceny of a cow is a felony under Section 7234 (5133) C. G. L., and while such section is in force the larceny of a cow is a felony and cannot be punished under Sections 7223 (5122), 7224 (5123) C. G. L., as for a misdemeanor for the larceny of "goods or chattels"; therefore the State may not "arbitrarily prosecute for either a felony or misdemeanor for the larceny of a cow;" nor does the statute "lack the element of certainty," as contended so as to deny due process of law or the equal protection of the laws to the accused as contended.

There is testimony to the effect that Lykes Brothers Florida Company, a corporation, had about five or six hundred cattle in a pasture in DeSoto County, Florida, about 18 miles southwest of the City of Arcadia, and that cattle in the pasture were branded L and marked sharp in each ear and were owned and claimed by Lykes Brothers Florida Company; that the Plaintiff in Error, J. D. Poole, lived in Winter Haven in Polk County, Florida; that Poole and three others left Winter Haven about three o'clock A. M., in Poole's truck and arrived in Arcadia before or about five o'clock A. M., Sunday, August 9, 1936. They then went in the truck toward the country in which the pasture mentioned was located. Later that morning they were seen in the neighborhood of the pasture by a game warden who

told another man of seeing the four men in a truck. This was passed on to others who were watching for cow thieves from the Lykes pasture. Four men engaged in watching for the safety of the cattle, in an automobile, followed the tracks of a truck from the point where the game warden had seen four men, including Poole, with a truck. The truck tracks led into the pasture. The four men in a car were about to meet a truck with four men and the unskinned bodies of four cows in it. Poole, the driver of the truck, endeavored to avoid meeting the car, and in the maneuvering of the two vehicles, one of the men in the car shot a tire of the truck and stopped it, when the men in the truck were held up and the carcasses of four cows freshly butchered with implements for killing and butchering animals were found in the truck. The heads, taken from the unskinned bodies of the cows, were found in the pasture, by the aid of those who were in the truck with the unskinned bodies. The marks of the cow mentioned in the information were found on the head, and the brand mentioned was on the hide of one of the unskinned carcasses in the truck.

There is ample evidence to sustain the verdict; and under the circumstances shown by the record, the arrest was lawful; and it is not shown that there was an unlawful search for or seizure of the subject matter of the larceny charged.

The jury was justified by the evidence in finding, as implied by the verdict, that the evidence in support of the defendant Poole's claim of ownership of the cow, considering all of the testimony, not sufficient to raise a reasonable doubt as to the guilt of the convicted defendant as charged in the information.

A paragraph in the charge given the jury is assigned as error, and it is argued that the following part of the par-

agraph is error: "The defendants have each denied their guilt and have entered their plea of not guilty, and on that plea they have offered testimony here before you, and that is the only issue here for you to determine under this testimony; that is whether these defendants did steal in this county from Lykes Brothers Florida Company, a corporation, the cow described in that information." This charge does not assume "that the cow in question was the property of Lykes Brothers Florida Company," as contended. The charge states the issue to be "whether these defendants did steal in this county from Lykes Brothers * * * the cow described in the information."

A part of another paragraph of the charges given is:

"It has been argued before you that a person found in the possession and custody of property recently stolen may by the jury be presumed to be the thief; that is a correct statement of the law, and a person so found in the possession and custody of recently stolen property is then called upon to give both a reasonable and credible explanation of his possession or right to such property and failing so to do, the jury is warranted in believing and may find such person to be the thief."

This charge was not wholly without a predicate in the evidence; and while the charge is not technically exact in all its elements, it is not so out of harmony with the law as to be prejudicial to the defendant in view of the evidence adduced. The words "presumption" and "inference" have been used as being interchangeable in charging the jury in larceny trials that they may infer or presume *as a fact* the guilt of a person found in the possession of property recently stolen, when a reasonable and credible account of such possession is not given that is sufficient to raise a reasonable doubt of the guilt of the accused. If the words

"Warranted in believing and may find such person to be the thief," in the connection and as used in the quoted charge, are not technically correct, they do not convey a meaning so far different from the meaning of the language approved by this Court, as that the charge reasonably could have been harmful to the defendant in view of the evidence, and of all of the charges as given by the court.

The charge in Carlton v. State, 108 Fla. 34, 145 So. 249, used the words "is presumed under the law to be the thief," etc. The correct rule properly expressed is contained in the opinion of the Court in the Carlton case.

As the arrest was not unlawful the conduct of the arresting persons that does not render the arrest illegal was properly not in issue in the prosecution for larceny.

The information sufficiently charged the larceny.

Affirmed.

BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.