PER CURIAM.
The appellant was informed against, tried (without jury) and found guilty of the crime of breaking and entering a dwelling with intent to commit a felony, grand larceny. He was sentenced to be confined eighteen months in the county jail. On this appeal it is contended the evidence and his confession were the fruits and result of an unlawful arrest and that their admission in evidence was error.
Appellant was arrested initially under the vagrancy ordinance of the City of Coral Gables. Discovery of the evidence upon which he was charged and prosecuted for the other offense, and his confession, stemmed from the initial arrest. Therefore the determinative question is whether such arrest was lawful.
On behalf of the appellant it was argued first that the Coral Gables ordinance was unconstitutional, and second that the arrest, made without a warrant, was improper as being for a misdemeanor not committed within the presence of the arresting officer. The latter contention is not supported by the facts disclosed. The former, the claim of invalidity of the Coral Gables vagrancy ordinance, is lacking in merit. No extended discussion appears called for. The case of Healey v. Selkowitz, Fla.1965, 171 So.2d 368, relied on by the appellant is not applicable. There the Supreme Court confirmed the decision of the district court of appeal (163 So.2d 13) holding invalid a City of Miami ordinance relating to this subject. The Coral Gables ordinance involved in this case is worded differently from the Miami ordinance which was rej ected by the Supreme Court and the *100 differences and distinctions in the two ordinances are material. The Coral Gables ordinance measures up to the standards referred to in the text from which headnotes 3 and 4 are drawn in the case of City of St. Petersburg v. Calbeck, Fla.App.1959, 114 So.2d 316, and its wording squares with that which was approved for such ordinances in the Hollywood case, State ex rel. Green v. Capehart, 138 Fla. 492, 189 So. 708.
Accordingly, no reversible error having been made to appear, the judgment appealed from is affirmed.
Affirmed.