191 So.2d 429 (1966)
Jack E. McARTHUR, Appellant,
v.
STATE of Florida, Appellee.
No. 35114.
Supreme Court of Florida.
September 21, 1966.
Rehearing Denied October 24, 1966.
Edward L. Bush, Palatka, for appellant.
Earl Faircloth, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
The appellant was convicted of the offense of driving an automobile upon the highways of this state while under the influence of intoxicating liquor to the extent that his normal faculties were impaired, in violation of Florida Statute § 317.201 F.S.A. In making his defense, he challenged the constitutionality vel non of the statute on the ground of vagueness, contending that it did not set up ascertainable standards so that men of common intelligence are not required to guess at what it intends to prohibit and punish. The trial court upheld the statute against the attack, and said:
"This court in construing United States v. Pertillo, 332 U.S. 1, 67 S.Ct 1538, 91 L.Ed. 1877, is of the opinion that the principle stated therein is applicable to *430 Chapter 317.201 Florida Statute Annotated, wherein stated as follows:
`Impossible standards are not required, however, statutory language that conveys a definite warning as to proscribed conduct when measured by common understanding and practices satisfies due process.'"
We have jurisdiction under Section 4.2, Article V, Constitution of Florida, F.S.A., and Florida Appellate Rule 2.1, subd. a(5) (a), 31 F.S.A.
Section 317.201, Florida Statutes, F.S.A., provides:
"Driving while under the influence of intoxicating liquor or narcotic drugs. (1) It is unlawful and punishable as provided in subsection #2 for any person who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs, when affected to the extent that his normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this state."
An ordinance prohibiting disorderly conduct was upheld against the constitutional attack for vagueness by the District Court of Appeal, Second District, which on Page 320 in the case of City of St. Petersburg v. Calbeck, 114 So.2d 316, said:
"Likewise, the ordinance or statute must be sufficiently explicit in its description of the acts, conduct or conditions required or forbidden, to prescribe the elements of the offense with reasonable certainty, and make known to those to whom it applies what conduct on their part render them liable for its penalties. 16A C.J.S. Constitutional Law § 580; Ex parte Hawthorne, 116 Fla. 608, 156 So. 619, 96 A.L.R. 572; Brock v. Hardie, 114 Fla. 670, 154 So. 690. A statute or ordinance which fulfills the foregoing requirements does not deny due process of law, even though it is not confined to a definition of specific acts. Matteson v. City of Eustis, 140 Fla. 591, 190 So. 558; Poole v. State, 129 Fla. 841, 177 So. 195, appeal dismissed, 303 U.S. 619, 58 S.Ct. 611, 82 L.Ed. 1084."
The decision in City of St. Petersburg v. Calbeck, supra, was cited with approval by the District Court of Appeal, Third District, in Snow v. State, 179 So.2d 99, upholding a vagrancy ordinance.
In State v. Suess, 236 Minn. 174, 52 N.W.2d 409, the Supreme Court of Minnesota, upholding a statute against a charge of vagueness, said:
"It is the duty of courts to sustain legislative enactments as reasonably certain when possible, and they will resort to all acceptable rules of construction to discover a competent and efficient expression of the legislative will. Coggins v. Ely, 23 Ariz. 155, 202 P. 391; State v. Partlow, 91 N.C. 550, 49 Am.Rep. 652. In construing the constitutionality of a legislative act, the intent of the legislature must be ascertained from the language of the entire act read in the light of the object evidently in view. Every presumption is in favor of the constitutionality of the act, and the court should not declare it unconstitutional unless it is satisfied, after careful consideration, that it conflicts with some provision of the state or federal constitutions. If the act is reasonably susceptible of two different constructions, one of which will render it constitutional and the other unconstitutional, the former construction must be adopted. Hassler v. Engberg, 233 Minn. 487, 48 N.W.2d 343. When a legislative act has as its purpose the prohibition of an undesirable form of conduct rather than a specific act, the definition by its very nature must be broad. Therefore, if it can be determined with reasonable certainty what conduct is disapproved, the statute is not unconstitutional on that ground. State v. Eich, 204 Minn. 134, 282 N.W. 810."
*431 Also compare Tracey v. State, Fla., 130 So.2d 605 and cases therein cited; and United States v. Pertillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877.
We therefore agree with the trial court that the statute is constitutional.
Affirmed.
THORNAL, C.J., and THOMAS, DREW, O'CONNELL, CALDWELL and ERVIN, JJ., concur.