585 So.2d 492 (1991)
Dennis Wayne THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2074.
District Court of Appeal of Florida, Fifth District.
September 12, 1991.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Thompson appeals from his convictions and sentences for fraudulent sale of a counterfeit controlled substance,[1] and felony petit theft.[2] He argues both charges arose out of the same acts, and that this double conviction should be barred by section *493 775.021(4)(a) and (b), Fla. Stat. (1989). The statute provides:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
The record in this case established that Thompson told an undercover officer that he had rock cocaine for sale. He sold the officer a substance which proved not to be cocaine. For the fraudulent sale, he was sentenced as an habitual offender to ten years in prison. For the felony petit theft, he received a consecutive two-year term on community control followed by three years on probation.
With regard to multiple convictions in the same criminal prosecution, the limits on the state are set out in the statute quoted above. Apparently, the federal and state double jeopardy clauses[3] offer greater protection in cases involving subsequent prosecutions for criminal acts involved in a criminal episode. In a single trial, the propriety of cumulative convictions and punishments has been deemed solely a question of legislative intent.[4] While that may not be entirely understandable from a common sense point of view, as an intermediate court of appeal, we are bound to follow the law as established by the highest courts of the state and nation.
The Florida Legislature has announced its intent that there should be separate and multiple convictions for each statutory offense that is committed during the course of a criminal transaction or episode. In section 775.021(4)(b) the Legislature set out basically only two exceptions to this policy. Subsections 1 and 3 are encompassed by the Blockburger[5] test: statutory offenses which require proof of all of the same elements of proof; and those that require fewer, but identical elements of proof, which are necessarily included in the elements of the greater offense. Subsection 2 excepts "degree" crimes, such as the various forms of homicide.
If the Blockburger test is applied to the two crimes in this case, they are not "the same offense" because each has an essential element that the other lacks. Fraudulent sale requires a completed sale of a particular item (counterfeit contraband). Felony petit theft requires proof of prior petit thefts, and the wrongful obtaining of property worth less than $300. Thus, as in the sale and possession of the same bits of rock cocaine, Blockburger or section 775.021(4)(a) and (b) do not bar multiple convictions in the same prosecution.[6]
*494 However, the fraudulent sale crime is placed in Chapter 817, which covers various fraudulent practices. Most of those crimes defined in chapter 817 could have historically been prosecuted as a form of larceny or theft. See, e.g., Paulk v. State, 344 So.2d 304 (Fla.2d DCA 1977) (pest inspector who made misrepresentations and planted termites in attic to obtain contract could be prosecuted for larceny by trick). Chapter 817 breaks down larceny by fraud into fact-specific categories, such as obtaining property by fraudulent promise to furnish inside information, procuring assignments of produce upon false representations, making false invoices to defraud an insurer, etc.
Felony petit theft, on the other hand, is listed as a crime under the more general Anti-Fencing Act, Chapter 812, Florida Statutes. Florida's Anti-Fencing Act, when enacted in 1977, eliminated technical distinctions between different theft and theft-related offenses in an effort to simplify prosecutions involving the wrongful acquisition by one person of the property of another.[7] As used in the statute defining the crime of theft, the term "obtains or uses" means any manner of taking or exercising control over property, or making any unauthorized use, disposition, or transfer of property. This would include obtaining property by fraud, conduct previously known as stealing, conversion, embezzlement, or other conduct similar in nature. See § 812.012(2), Florida Statutes (1989).
At present, Florida's criminal code still retains specific theft statutes regarding particular property or practices, such as the fraudulent practices defined in Chapter 817. It appears that the specific statutory offenses of theft, such as those contained in Chapter 817, are different degrees (or more specific descriptions) of the general statutory offense of theft defined in Chapter 812. Accordingly, an act of criminal fraud should be prosecuted either under Florida's Anti-Fencing Act or under a more specific statute contained in Chapter 817, if applicable,[8] but the legislature did not intend for the same act of criminal fraud to be prosecuted under both statutes as separate offenses. All specific theft by fraud offenses are theoretically subsumed in the general Anti-Fencing Act, not in terms of comparing the essential elements of each offense, but in substance and by definition, since the Anti-Fencing Act broadly encompasses and proscribes these criminal frauds.
This case presents an unusual example of two statutory offenses which are not the "same" for Blockburger purposes, but which may nevertheless be barred from double conviction because of the historical development of the criminal code with regard to thefts. In this case there was one fraudulent sale prosecuted under the fact-specific statute. The general statutory offense (felony petit theft) may have been superseded by passage of the specific statute, for this fact situation, although this issue is not before us.[9] However, we hold section 775.021(4)(b) bars concurrent prosecution for the general theft crime together with the specific crime. The specific theft crimes have become "degrees" of the generally defined theft crime in Chapter 812, based on the history and current revision of Florida's theft statute.
Because this is a case of first impression, and involves an issue of great public importance,[10] we certify the following question to the supreme court:

*495 CAN A DEFENDANT BE PROPERLY CONVICTED OF BOTH FRAUDULENT SALE OF A COUNTERFEIT CONTROLLED SUBSTANCE AND FELONY PETIT THEFT WHERE BOTH CHARGES AROSE FROM THE SAME FRAUDULENT SALE?
Accordingly, we vacate the conviction and sentence for felony petit theft, and certify the above question to the Florida Supreme Court.
Judgment and sentence for felony petit theft VACATED; question CERTIFIED.
GOSHORN, C.J., and DIAMANTIS, J., concur.
NOTES
[1] § 817.563, Fla. Stat.
[2] § 812.014(2)(d), Fla. Stat.
[3] U.S. Const. amend. 5; Art. I, § 9, Fla. Const.
[4] See Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); State v. Enmund, 476 So.2d 165 (Fla. 1985); Wilkins v. State, 543 So.2d 800 (Fla. 5th DCA 1989). Compare State v. Smith, 547 So.2d 613 (Fla. 1989) with Carawan v. State, 515 So.2d 161 (Fla. 1987).
[5] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[6] See State v. Smith, 547 So.2d 613 (Fla. 1989).
[7] One purpose of the Anti-Fencing Act was to expand the larceny statute to reach "fencing" of stolen goods and attempted larceny. See State v. Allen, 362 So.2d 10 (Fla. 1978).
[8] Cf. Poole v. State, 129 Fla. 841, 177 So. 195 (1937) (special and general statutes of theft were not conflicting, and passage of general statute did not operate as a repeal of the special statute); Lasher v. State, 80 Fla. 712, 86 So. 689 (1920) (prosecution for theft may be had under general or special statute). But cf., Anglin v. Mayo, 88 So.2d 918 (Fla. 1956).
[9] The statute condemning fraudulent sale of a counterfeit controlled substance was enacted in 1981. Ch. 81-53, Laws of Fla. Cf. Anglin v. Mayo, 88 So.2d 918 (Fla. 1956) (subsequent larceny statute superseded earlier enactment covering same subject matter, even though subsequent statute contained no express words of repeal).
[10] Fla.R.App.P. 9.030(a)(2)(A)(v).