THOMPSON, Judge.
Eugene Sinclair (“Sinclair”) timely appeals his convictions and sentences for grand theft[1] and insurance fraud.[2] Sinclair alleges that his convictions for grand theft and insurance fraud result from the same conduct and are barred because they subject him to double jeopardy. We affirm.
Sinclair committed insurance fraud by misrepresenting his physical condition on several occasions in order to obtain checks from an insurance company. These crimes occurred on several different days. After obtaining the checks from the insurance company, Sinclair negotiated them to receive money. Again, these crimes occurred on separate and diverse days. Section 775.021(4)(a) and (b), Florida Statutes (1991), allows a defendant to be convicted and sentenced for several crimes if they are listed in the same information, do not violate the Blockburger[3] test and are not degrees of the same offense. Such is the case we have before us.
Insurance fraud and grand theft are not the “same offense,” for double jeopardy purposes, because each requires proof of an essential element that the other lacks. Grand theft requires knowingly taking another’s property; insurance fraud does not. Insurance fraud requires presenting or causing to be presented any written or oral statement as part of, or in support of, a claim for payment or other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete or misleading information; grand theft does not. Therefore, neither Blockburger[4] nor section 775.021(4)(a) and (b), Florida Statutes (1991) would bar multiple convictions in the same prosecution.
Furthermore, this case is distinguishable from Thompson v. State, 585 So.2d 492 (Fla. 5th DCA 1991), approved, 607 So.2d 422 (Fla. 1992), upon which Sinclair relies. In Thompson, the defendant was convicted of both felony petit theft, under section 812.014(2)(d), Florida Statutes, and fraudulent sale of a counterfeit controlled substance, under section 817.563, Florida Statutes. Thompson sold counterfeit rock cocaine to an undercover officer. He argued that both of the charges arose out of the same act and were barred by section 775.021(4)(b) of Florida’s double jeopardy statute. This court noted that the fraudulent sale crime was placed in Chapter 817, which covers specific statutory offenses of theft, which offenses are different degrees of the more general offenses of theft found in Chapter 812. As such, Thompson could not be convicted of both sale of a counterfeit substance and grand theft crimes arising out of the same act because the specific theft crime had become a different degree of the generally defined theft crime in chapter 812 based on the history of Florida’s theft statute. Id. at 494. This court reasoned that Florida law would not allow punishment for two different degrees of the same crime arising out of the same conduct. However, in the present case, Sinclair is not being punished for both grand theft and insurance fraud arising out of the same conduct.
The present case is more like Henderson v. State, 572 So.2d 972 (Fla. 3d DCA 1990), approved, 583 So.2d 1030 (Fla. 1991). In Henderson, the defendant was convicted of uttering forged instruments on each of 14 occasions, and for theft of the funds which she obtained by means of the same forged instruments. The court held that separate acts were committed by uttering the forged instruments and by obtaining the funds because each had different elements. Likewise, Sinclair’s actions in the present case constitute separate acts, as the evidence established that he made misleading or false representations to several different health care providers over a long period of time, and he cashed several checks from the insurance company over at least the three *107 month period covered by the charges. His acts of obtaining the money by cashing the checks were committed at different times than his acts of fraud. See Barnhill v. State, 471 So.2d 160 (Fla. 5th DCA 1985) (holding that there was a sufficient factual basis for the jury to convict the defendant of both attempted robbery and aggravated battery with a deadly weapon). Therefore, Sinclair is not being subjected to double punishment for the same criminal act. We affirm his conviction and sentence.
AFFIRMED.
W. SHARP and DIAMANTIS, JJ., concur.

. § 812.014(1), (2)(c) 1, Fla.Stat. (1991).

. § 817.234(l)(a)l, Fla.Stat. (1991).

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. Id.