655 So.2d 1250 (1995)
Albert WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2504.
District Court of Appeal of Florida, First District.
May 31, 1995.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Richard Parker, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant appeals his convictions and sentences for arson of a dwelling, burning with the intent to defraud, filing a false insurance claim, and grand theft. Appellant raises three issues, one of which warrants reversal.
Citing Thompson v. State, 585 So.2d 492 (Fla. 5th DCA 1991), approved and adopted by, State v. Thompson, 607 So.2d 422 (Fla. 1992), appellant argues that he should not have been convicted of filing a false insurance claim in violation of section 817.234(1)(a), Florida Statutes, and burning with the intent to defraud in violation of section 817.233, Florida Statutes, where he was also convicted of grand theft, because all three crimes are in the nature of theft offenses. We conclude that the crimes of filing a false insurance claim and burning with the intent to defraud here involved are separate and distinct criminal episodes. First, the appellant burned his mobile home with the intent to defraud the insurer. Then, at a later time and different place, he filed a false *1251 insurance claim. Accordingly, neither section 775.021(4), Florida Statutes, nor Thompson are applicable and we uphold these two convictions.
However, the additional conviction for grand theft cannot stand because this offense did not involve a separate and distinct criminal episode from either the offense of filing a false insurance claim or the offense of burning with intent to defraud and these three crimes are merely aggravated forms or varying degrees of the core offense of theft. The legislature did not intend for a single act of criminal fraud involving the core offense of theft to be prosecuted as separate offenses under both a specific fraud statute and the grand theft statute. § 775.021(4), Fla. Stat. (1993); Thompson v. State, supra, (multiple convictions for specific crime of fraudulent sale of counterfeit controlled substance and general crime of felony petit theft prohibited where charges arose from same fraudulent sale); Sirmons v. State, 634 So.2d 153 (Fla. 1994). Hence, while the convictions for burning with intent to defraud and filing a false insurance claim can stand as separate and distinct, the additional conviction for grand theft is impermissible. Accordingly, we vacate the conviction and sentence for grand theft. We affirm in all other respects.
AFFIRMED in part; REVERSED in part.
BOOTH, MICKLE and VAN NORTWICK, JJ., concur.