BENTON, Judge.
Anthony Lewis appeals his conviction for petit theft. He contends in his initial supplemental brief that this count of his three-count judgment and the corresponding sentence must be set aside. On the other counts, he was convicted and sentenced below for forgery and for uttering a forgery. The convictions for petit theft and for uttering a forgery were both based on the single act of attempting to cash a forged check. We reverse the petit theft conviction on double jeopardy grounds.
This case presents the “unusual example of two statutory offenses which are not the ‘same’ for Blockburger purposes, but which *293 may nevertheless be barred from double conviction because of the historical development of the criminal code with regard to thefts.” Thompson v. State, 585 So.2d 492, 494 (Fla. 5th DCA 1991), approved, 607 So.2d 422 (Fla.1992). The state charged and proved a single attempt by appellant to obtain property (money) of a single victim by cashing a forged check. Lewis was prosecuted under section 831.02, Florida Statutes (1993), which prohibits knowingly uttering a forgery with the intent to defraud, and under the general theft statute, section 812.014, Florida Statutes (1993), which prohibits knowingly endeavoring to obtain the property of another by any means. The theft statute treats attempted theft the same as the completed crime. See McIntyre v. State, 380 So.2d 1064 (Fla. 2d DCA 1980).
Section 775.021(4)(b) bars dual convictions under these statutes for the same act, in these circumstances. “The specific theft crimes have become ‘degrees’ of the generally defined theft crime in Chapter 812.” Thompson, 585 So.2d at 494. This ease is distinguishable from Henderson v. State, 572 So.2d 972 (Fla. 3d DCA 1990), approved, 583 So.2d 1030 (Fla.1991), in that Lewis did not actually obtain any funds. Unlike the theft convictions in Henderson, each of which involved “a separate act of theft,” id. at 974, appellant’s (attempted) theft conviction rests on no act other than uttering the forged instrument.
Our conclusion in this ease is also consonant with the view the supreme court expressed in Sirmons v. State, 634 So.2d 153 (Fla.1994), which goes beyond the Blockbur-ger “elements” test of double jeopardy and forbids multiple prosecutions for a single act, even if it is linguistically possible to express two or more offenses so that each contains an element the other lacks. See also Watson v. State, 655 So.2d 1250 (Fla. 1st DCA 1995); McConn v. State, 648 So.2d 837 (Fla. 2d DCA 1995); Blanchard v. State, 634 So.2d 1118 (Fla. 2d DCA 1994).
Appellant’s conviction for forgery under section 831.01, Florida Statutes (1993), is supported by proof of the separate act of forging the payor’s name and is therefore affirmed, as is the conviction for uttering a forgery. Appellant’s conviction for petit theft is reversed.
BAEFIELD and WOLF, JJ., concur.
WOLF, J., concurs with opinion, in which BARFIELD, J., concurs.