690 So.2d 1381 (1997)
Horace BILLUPS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 96-332.
District Court of Appeal of Florida, First District.
April 9, 1997.
Nancy A. Daniels, Public Defender; Jean R. Wilson, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; William J. Bakstran, Assistant Attorney General, Tallahassee, for Appellee.

CRIMINAL DIVISION

EN BANC
LAWRENCE, Judge.
Horace Billups, Jr. (Billups) pleaded no contest to charges stemming from multiple cases, each of which charged him with forgery, uttering a forged instrument, and theft. It is undisputed that in each case charging both uttering a forgery and theft, the uttering and theft offenses were committed during the same criminal transaction or episode. Billups was adjudicated guilty as charged, and sentenced to a total of three and a half years' imprisonment, followed by five years' probation. Billups, on appeal, argues that in each case his dual convictions for uttering a forgery and theft violate the prohibition against double jeopardy, as interpreted by this court in Lewis v. State, 667 So.2d 292 (Fla. 1st DCA 1995). For the reasons that follow, we affirm.
This court in Lewis found a double jeopardy violation where the defendant was convicted of both uttering a forgery and petit theft based on the single act of attempting to cash a forged check. In its analysis, the court did not rely on a strict Blockburger[1] test:
This case presents the "unusual example of two statutory offenses which are not the `same' for Blockburger purposes, but which may nevertheless be barred from double conviction because of the historical development of the criminal code with regard to thefts." Thompson v. State, 585 So.2d 492, 494 (Fla. 5th DCA 1991), approved, 607 So.2d 422 (Fla.1992). The state charged and proved a single attempt by appellant to obtain property (money) of a single victim by cashing a forged check....

*1382 Section 775.021(4)(b) bars dual convictions under these statutes for the same act, in these circumstances.
Lewis, 667 So.2d at 292-93. We hereby recede from our decision in Lewis, finding our analysis therein no longer controlling in view of recent supreme court pronouncements in this area.
Our Supreme Court, in Gaber v. State, 684 So.2d 189 (Fla.1996), said:
Thus, absent an explicit statement of legislative intent to authorize separate punishments for two crimes, application of the Blockburger "same-elements" test pursuant to section 775.021(4), Florida Statutes (1993), is the sole method of determining whether multiple punishments are double jeopardy violations. The same-elements test requires that two or more charged offenses must have the same elements to constitute a double-jeopardy violation. As we discussed above, the elements of grand theft and armed burglary require separate proof, and thus Gaber's conviction for both offenses does not violate principles of double jeopardy.
Id. at 192 (citation omitted). The supreme court also made it clear that: "Section 775.021(4) is a codification of the Blockburger test, sometimes referred to as the same-elements test, which inquires whether each offense contains an element not contained in the other." State v. Maxwell, 682 So.2d 83, 84 (Fla.1996).
The supreme court reemphasized its holding in a more recent case, stating: "In applying section 775.021 to a single criminal transaction or episode, we look to see whether the episode constitutes more than one separate criminal offense, State v. Johnson, 676 So.2d 408, 410 (Fla.1996). Offenses are separate if each offense requires proof of an element that the other does not." State v. Craft, 685 So.2d 1292, 1294 (Fla.1996.).
This court's Lewis decision, in placing great emphasis on the fact that Lewis' petit theft and uttering a forgery offenses were based on the "same act," and in going beyond the Blockburger test, cannot be reconciled with recent supreme court rulings. We therefore recede from Lewis.
Applying the above supreme court principles to the instant case, we conclude that Billups' dual convictions and sentences do not violate the constitutional guarantee against double jeopardy. Review of the statutory elements of the two offenses reveals that each offense requires proof of an element the other does not. Uttering a forgery requires proof that the defendant utter and publish as true a false or forged instrument.[2] Theft requires proof the defendant knowingly obtained or endeavored to obtain property of some value.[3] An individual can utter a forged instrument without any intent to deprive a person of property or moneythe intent may simply be to injure that person. See Parker v. State, 658 So.2d 1105 (Fla. 3d DCA 1995)(finding defendant attorney guilty of uttering a forgery, even though he did not intend to defraud his client of money or property by forging signatures of two circuit court judges on fictitious court orders, for he intended to "injure" his client by deceiving the client into believing the client's maritime personal injury action was still pending, in order to prevent the client from asserting the legal right to sue for legal malpractice for allowing the client's case to be dismissed for lack of prosecution), review denied, 667 So.2d 775 (Fla.1996); State v. Escobedo, 404 So.2d 760 (Fla. 3d DCA 1981)(finding defendant guilty of uttering a forgery consisting of false birth certificates where such certificates were made with intent to injure or *1383 defraud people who might be induced, upon presentation of such certificates, to issue such benefits as a passport, driver's license, social security number, voter registration card, marriage certificate, or line of credit). Billups' dual convictions and sentences are consonant with double jeopardy principles because the crime of uttering a forged instrument requires proof of an element that the crime of theft does not.
We therefore affirm Billups' judgments and sentences in all respects.
AFFIRMED.
MINER, ALLEN, WEBSTER, MICKLE and PADOVANO, JJ., Concur.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The United States Supreme Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." Blockburger, 284 U.S. at 304, 52 S.Ct. at 182.
[2] Section 831.02, Florida Statutes (1993), provides:

Whoever utters and publishes as true a false, forged or altered record, deed, instrument or other writing mentioned in s. 831.01 knowing the same to be false, altered, forged or counterfeited, with intent to injure or defraud any person, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[3] Section 812.014(1), Florida Statutes (1993), provides:

A person commits theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.