STONE, C.J.
Lise and Raymond LaRoche were charged with insurance fraud and grand theft for filing a false claim with State Farm Insurance for stolen musical equipment which they never owned. Raymond was convicted of both; Lise was convicted of insurance fraud, and, as to her, a mistrial was declared on the grand theft charge. We vacate the conviction of insurance fraud as to Raymond and remand for modification of the judgment and sentence. As to Lise, the judgment and sentence are affirmed.
Raymond’s convictions for both grand theft, under section 812.014, Florida Statutes, and filing a fraudulent insurance claim, under section 817.234(l)(a), Florida Statutes, violate principles of double jeopardy. Thompson v. State, 585 So.2d 492 (Fla. 5th DCA 1991), approved and adopted by State v. Thompson, 607 So.2d 422 (Fla.1992); Watson v. State, 655 So.2d 1250 (Fla. 1st DCA 1995).
In Thompson, the defendant was convicted of fraudulent sale of counterfeit controlled substances under section 817.563, Florida Statutes, and felony petit theft, under section 812.014(2)(d), Florida Statutes. The court found that the fraudulent sale charge was a degree of theft which the legislature did not intend to be prosecuted as a separate offense, and implicitly held that double jeopardy barred conviction on both charges.
The court explained that most of the crimes defined in chapter 817, which covers various fact-specific types of fraudulent practices, including the fraudulent sale, historically could have been prosecuted as a form of larceny or theft. The court noted that in the theft statute, “the term ‘obtains or uses’ means any manner of taking or exercising control over property, or making any unauthorized use, disposition, or transfer of property. This would include obtaining property by fraud.” Id. at 494 (emphasis supplied). The court concluded:
This case presents an unusual example of two statutory offenses which are not the “same” for Blockburger purposes, but which may nevertheless be barred from double conviction because of the historical development of the criminal code with regard to thefts.... We hold that section 775.021(4)(b) bars concurrent prosecution for the general theft crime together with the specific crime.

Id.

Similar reasoning was applied in Watson, which held that a defendant could not be convicted of filing a false insurance claim under section 817.234(l)(a), Florida Statutes, and grand theft, because theft and filing a false insurance claim were varying degrees of the same core offense. The court stated that “[t]he legislature did not intend for a single act of criminal fraud *337 involving the core offense of theft to be prosecuted as separate offenses under both a specific fraud statute and the grand theft statute.” Id. at 1251. See also Vasquez v. State, 711 So.2d 1305 (Fla. 2d DCA 1998) (concurrent convictions are prohibited for grand theft of vehicle and obtaining the same vehicle with intent to defraud); State v. McDonald, 690 So.2d 1317 (Fla. 2d DCA) (obtaining property through the use of forged credit card and grand theft were degrees of the same offense), rev. denied, 698 So.2d 849 (Fla.1997); Wolf v. State, 679 So.2d 351 (Fla. 5th DCA 1996) (petit theft is necessarily a lesser-included offense of the crime of fraudulent use of a credit card).
We have considered Sinclair v. State, 645 So.2d 105 (Fla. 5th DCA 1994), in which the court recognized that insurance fraud and grand theft were not the “same offense” because each contained an element that the other lacked. However, Sinclair never reached the issue of whether the two offenses were different degrees of the same offense because the defendant’s acts of cashing the checks, which made up the theft charge, were committed at different times than his acts of fraud. The court concluded that the crimes did not occur during a single criminal episode and, thus, there was no double jeopardy bar. By contrast, in Watson and in the instant case, the same actions constituted the basis for both the insurance fraud and the grand theft count.
Accordingly, we vacate the conviction and sentence for insurance fraud and affirm the conviction for grand theft as to Raymond LaRoche. As to all other issues raised by both Appellants, we affirm. We remand as to Raymond LaRoche for modification of the judgment accordingly.
GROSS and TAYLOR, JJ., concur.