844 So.2d 705 (2003)
Carl Eugene HAYS a/k/a Carl Eugene Hayes, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 2D01-1398.
District Court of Appeal of Florida, Second District.
May 2, 2003.
Dayle M. Green and Victoria L. Bloomer of Escobar, Ramirez, & Associates, P.A., Tampa, for Appellant/Cross-Appellee.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee/Cross-Appellant.
SILBERMAN, Judge.
Carl Hays appeals his judgments and sentences for grand theft, filing a false and fraudulent insurance claim, and dealing in stolen property. We vacate his conviction and sentence for filing a false and fraudulent insurance claim on double jeopardy grounds. We affirm the remaining convictions and sentences without discussion of the other points on appeal and cross-appeal.
The State properly concedes that Hays' convictions for both grand theft, pursuant to section 812.014(2)(b), Florida Statutes (1999), and filing a false and fraudulent insurance claim, pursuant to section *706 817.234(1)(a), Florida Statutes (1999), violate double jeopardy principles. See LaRoche v. State, 761 So.2d 335 (Fla. 4th DCA 1998); Watson v. State, 655 So.2d 1250 (Fla. 1st DCA 1995). In Watson, the First District pointed out that "[t]he legislature did not intend for a single act of criminal fraud involving the core offense of theft to be prosecuted as separate offenses under both a specific fraud statute and the grand theft statute." Watson, 655 So.2d at 1251. Here, Hays' convictions for filing a false and fraudulent insurance claim and grand theft of the proceeds of that claim violate double jeopardy principles.
Therefore, we reverse Hays' conviction and sentence for filing a false and fraudulent insurance claim and remand for modification of the judgment. We affirm his convictions and sentences for grand theft and dealing in stolen property.
Affirmed in part, reversed in part, and remanded.
FULMER and WHATLEY, JJ., Concur.