900 So.2d 571 (2004)
John E. KIST, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D03-2697.
District Court of Appeal of Florida, Second District.
August 13, 2004.
Rehearing Denied May 11, 2005.
John E. Kist, pro se.
Charles J. Crist, Jr, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Respondent.
VILLANTI, Judge.
John E. Kist files this petition alleging ineffective assistance of appellate counsel. We conclude that there is no merit to issues one, three, and four of the petition. In issue two, Kist alleged that appellate counsel was ineffective for failing to raise the issue of whether his convictions for both grand theft and insurance fraud in counts three and four, counts five and six, counts ten and eleven, counts twelve and thirteen, and counts seventeen and eighteen violate double jeopardy.
In Hays v. State, 844 So.2d 705 (Fla. 2d DCA 2003), this court held that convictions for both grand theft and insurance fraud for the same transaction violate double jeopardy. Appellate counsel could not have known about Hays because it was decided two years after Kist's direct appeal. However, at the time of Kist's direct appeal, the Fourth District had addressed this issue in LaRoche v. State, 761 So.2d 335 (Fla. 4th DCA 1998) (holding that convictions violate double jeopardy because the same actions constituted the basis for grand theft and insurance fraud convictions), the First District had addressed it in Watson v. State, 655 So.2d 1250 (Fla. 1st DCA 1995) (holding that conviction for grand theft violated double jeopardy because it did not involve separate and distinct criminal episode from burning with intent to defraud and filing false insurance claim), and the Fifth District had addressed it in Sinclair v. State, 645 So.2d 105 (Fla. 5th DCA 1994) (holding that grand theft and insurance fraud that occurred in two separate transactions did not violate double jeopardy). In its response, the State argues that Kist's convictions are more like those in Sinclair than those in Hays and LaRoche and therefore do not violate double jeopardy. Whether Kist's convictions are more like Sinclair is not relevant to whether appellate counsel should have argued other persuasive case law, such as LaRoche. This determination would have been resolved on the merits on direct appeal.
*572 We find that appellate counsel was ineffective for failing to raise this issue because it had been addressed by three other district courts at the time of Kist's direct appeal and because our subsequent decision in Hays indicates that we may have found in Kist's favor had the issue been raised. We therefore grant the petition as to issue two. As such, Kist is entitled to have a new direct appeal on the issue of whether his convictions for both grand theft and insurance fraud in counts three and four, counts five and six, counts ten and eleven, counts twelve and thirteen, and counts seventeen and eighteen violate double jeopardy.
Accordingly, the petition is denied in part and granted in part, with instructions to the trial court to appoint an appellate attorney to represent Kist on the above issue on appeal within thirty days from the issuance of the mandate in this case. Appellate counsel shall, within thirty days of the appointment, file a new notice of appeal and reference this opinion in the notice of appeal.
Petition granted in part, denied in part.
STRINGER and DAVIS, JJ., Concur.