PER CURIAM.
The defendant’s petition alleges ineffective assistance of appellate counsel. The petition raises four grounds. We grant the petition as to only the first ground. The first ground argues that appellate counsel was ineffective for failing to raise the issue of whether the defendant’s convictions for first degree grand theft and making a false insurance claim greater than $100,000, both allegedly stemming from the same action, violate double jeopardy. See Kist v. State, 900 So.2d 571, 571-72 (Fla. 2d DCA 2004) (granting petition alleging appellate counsel was ineffective in failing to raise a claim that the defendant’s convictions for both grand theft and insurance fraud stemming from the same action violated double jeopardy); LaRoche v. State, 761 So.2d 335, 336-37 (Fla. 4th DCA 1998) (on' direct appeal, holding convictions violated double jeopardy because the same action constituted the basis for the defendant’s grand theft and insurance fraud convictions; vacating insurance fraud conviction).
Accordingly, the circuit court, within thirty days from the issuance of our mandate in this case, shall appoint appellate counsel to represent the defendant on the above issue on appeal. Appellate counsel, within thirty days of the appointment, shall file a new notice of appeal and reference this opinion in the notice of appeal.
*883 We deny the petition as to the second and third grounds, both of which we conclude lack merit. We previously dismissed the fourth ground of the petition as untimely.

Petition granted in ‘part, denied in part.

HAZOURI, GERBER and LEVINE, JJ., concur.